## G. H. LUEDDE ET AL. v. C. H. HOOPER.

### No. 1061. Decided January 16, 1902.

:Sequestration—Replevin—Judgment—Value.

In a sequestration suit wherein defendant has retained possession of the property by giving a replevy bond, the value of the property for which the successful plaintiff is to have judgment, as provided in article 4876, Revised Statutes, is to be determined by its market value at the time of the trial. (Pp. 172-174.)

Question certified from the Court of Civil Appeals, Third District, in an appeal from McLennan County.

*Henry & Stribling* and *Dyer & Dyer,* for appellants.—In determining the liability of sureties upon a replevin bond in sequestration proceeding, the value of property sequestrated is to be determined by evidence of what the value of the property is at the time of trial in its then present condition, and not the value of the property at the time of the levy of the writ of sequestration. Watts v. Overstreet, 78 Texas, 571; Investment Co. v. Shelton, 29 S. W. Rep., 494; Halbert v. San Saba Springs, 34 S. W. Rep., 636; Filgo v. Bank, 38 S. W. Rep., 237; Norwood v. Bank, 45 S. W. Rep., 929; Avery v. Dickson, 49 S. W. Rep., 662.

*J. W. Taylor* and *L. Williams,* for appellee.—Appellee assigns as his proposition of law under the assignments referred to that the true rule is, "the market value of the property at the time of trial, based upon its condition at the time it was replevied;" that the giving of a replevin bond "is a judicial deposit for the purpose of keeping it safely during the trial;" and that the sheriff and not the jury is the proper authority under our statute to determine the damage, if any, done to property while being held under a replevin bond. Western M. and I. Co., Ltd., v. Shelton, 29 S. W. Rep., 494; Rev. Stats., arts. 4877, 4878.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Third District has certified to this court the following statement and question:

"The Court of Civil Appeals of the Third Supreme Judicial District of the State of Texas certifies that there is now pending and undecided in this court the above styled and numbered cause, which was an action by appellee Hooper against the appellants in the nature of a sequestration suit to recover possession of certain personal property described in his petition, alleged to be of the value of $733. Affidavit and bond in sequestration were executed and part of the property described in the petition was levied upon by virtue of the writ of sequestration, and thereafter, on the 18th day of February, 1898, the defendants in the

sequestration suit replevied the same, with the appellants as sureties on his replevy bond.

"Upon the trial of the case, the judgment prescribed by law in sequestration suits was entered, and the value of the articles assessed by the jury by their verdict was $733.50.

"We find that at the date of the sequestration suit and prior thereto, the appellee was the owner of the property in controversy, and was entitled to the possession of the same; that the defendant in the suit was, in contemplation of law, a trespasser and had possession of the property without the consent of the appellee. We also find that the verdict of the jury as to the value of the property corresponds with the evidence as to the value thereof offered by appellee in its condition about the time it was first taken possession of by the defendant in the sequestration suit and the date of the replevy bond.

"Upon trial of the case, the appellee offered evidence of the value of the property at the time he was deprived of possession of the same, which was objected to on the ground that evidence of value at the time of trial should govern. The court overruled the objections, and, in effect, permitted the witness to testify as to what was the value of the property in its condition at the time that the appellee was deprived of its possession. In this connection, it is well to state that the record shows that this case was tried on the 29th day of March, 1901, in the County Court of Mc-Lennan County, Texas, and the time testified to by the witness in giving the value of the property was in 1898.

"Upon the trial of the case, the appellants offered to prove the value of the property at the time of the trial, which, upon objection, was refused by the court. The bill of exception that raises this question shows that the witness was familiar with the value of this property at the time of trial, and that if he had been permitted to testify, his evidence would have been to the effect that in its then condition the value was less than in 1898. To the ruling of the court in the two particulars above noticed, the appellants properly preserved the questions by bills of exception, upon which proper assignments of errors are made in their briefs, and they are properly before this court for determination. We also find that there was no evidence offered of the value of the use of the property from the time that the appellee was deprived of possession of the same and the execution of the replevy bond, up to the date of the trial.

"Notwithstanding the decisions of some of the courts of this State as to the time in which the value of property will be inquired into in cases like the above, the Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court the following question:

"Should the value of property in a case like the present be ascertained and determined at the time of trial, or at the time that the owner was illegally deprived of possession of the same, or at the date of the execution of the replevy bond by the defendant and his sureties in such a bond?"

When a plaintiff sues to recover personal property, and, by writ of

sequestration, places it in the custody of the sheriff or other officer, the defendant may retain possession of the property by giving bond, conditioned as prescribed in article 4874, one of the conditions being "that he (defendant) will have such property, with the value of the fruits, hire, or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof," etc. The judgment to be rendered by the court, in case plaintiff shall recover, is prescribed in the following article of the Revised Statutes: "Art. 4876. The bond provided for in the three preceding articles shall be returned with the writ to the court from whence the writ issued, and in case the suit is deicded against the defendant, final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied, and the value of the fruits, hire, revenue, or rent thereof, as the case may be."

If the property be not damaged, the defendant may discharge the judgment by delivering the property itself to the sheriff, and if it be damaged, then he may deliver the property by paying the damages to be assessed by the sheriff. Arts. 4877, 4878.

The language used in article 4876, "the value of the property replevied," has been construed by this court to mean the market value at the time of the trial. Watts v. Overstreet, 78 Texas, 571. The opinion in that case is well supported by sound reasons and we deem it unnecessary to add anything to it. That decision is sustained by the following cases, construing statutes with similar provisions to ours: Brewster v. Silliman, 38 N. Y., 423; Allen v. Fox, 51 N. Y., 562; Chapman v. Kerr, 80 Mo., 158; Omeara v. The N. A. Mining Co., 2 Nev., 112. There is seeming conflict of authority on this question, but we are satisfied to rest the construction of the statute as already announced by which the practice of the courts of this State has been shaped. We answer that the value of property sequestered and retained by a defendant under replevy bond should be determined by its market value at the time of the trial, when the question arises in the original suit and under the statute.