FRED T. WOOD ET AL. v. H. FULLER.

Decided January 2, 1904.

**Sequestration—Measure of Damages on Replevy Bond.**

In an action by sequestration to recover personal property wherein a replevy bond under the statute has been given for the property by the defendant, the measure of plaintiff's damages is the market value of the property at the time of the trial, where the question arises in the original proceeding, and not its market value at the time it was taken from plaintiff's possession by the defendant. Rev. Stats., arts. 4874, 4876. Following Luedde v. Hooper, 95 Texas, 172.

Appeal from the County Court of Dallas. Tried below before Hon. E. S. Lauderdale.

*Cockrell & Gray,* for appellant.

*Wynne & Blanks,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is an action brought by appellee, Fuller, against appellant Wood in the nature of a sequestration suit to recover of him a horse alleged to be of the value of $1000. Petition, affidavit and bond were filed on the 15th day of September, 1898, in due form, and the writ of sequestration duly issued. On the same day, by virtue of said writ the sheriff of Dallas County, Texas, seized and took possession of said horse; whereupon the appellant Wood presented to said sheriff a replevy bond, for the horse, in the sum of $2000, with Fred J. Steer and W. McLemore as sureties, and the horse was delivered to Wood.

Appellant Wood pleaded a general denial, ownership of the horse, and other special pleas not necessary to state. There was a trial by jury and a verdict rendered in favor of appellee and against appellant Wood for $1000, as the value of said horse at the time taken from the possession of appellee, with interest thereon at the rate of 6 per cent per annum. Judgment on the bond, provided for by article 4876, Revised Statutes, was rendered on this verdict against appellant Wood and against appellants Steer and McLemore for the sum of $1270.

Appellant's first assignment of error complains of the charge of the court upon the measure of damages. The court charged the jury that, in the event they found for the appellee, they should "return a verdict for the plaintiff for the amount you find from the evidence was the reasonable market value of said horse at the time and place the defendant took possession of him, with 6 per cent interest thereon per annum from that date." It is insisted that the true measure of damages in such case is the market value of the horse at the date of the trial, and not its market value at the time and place defendant took possession of it. An examination of the authorities convinces us that appellant's contention must be sustained.

Whatever conflict of authority and uncertainty may have existed, we

believe the question has been definitely settled in this State by our Supreme Court in the case of Luedde v. Hooper, 95 Texas, 172. There it is distinctly held that the true measure of damages in a suit to recover personal property when by sequestration the property has been placed in the hands of the sheriff or other officer, and replevy bond given by the defendant in the writ, under the statute to retain possession of the same during the pendency of the suit, is the market value of such property at the time of the trial, when the question arises, as in this case, in the original proceeding. The rule announced is based upon articles 4874 and 4876 of the Revised Statutes, supported by the case of Watts v. Overstreet, 78 Texas, 571, and authorities therein cited. The facts of the Luedde case, supra, and of the case under consideration are practically the same, and the holding in that case is decisive of the question here.

Other assignments of error have not been considered for the reason, as suggested by counsel for appellant, that error therein presented, if any, is not likely to occur upon another trial.

For the error in the charge of the court upon the measure of damages, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*