COWARD v. SUTFIN et al. (No. 7087.)

(Court of Civil Appeals of Texas. Galveston. March 9, 1916. Rehearing Denied April 6, 1916.)

1. DIVORCE ⟨⟩91—PETITION—SUFFICIENCY.

A petition alleging that plaintiff resided in the county of Galveston of this state, and had been and now is a bona fide resident of the state of Texas and the county of Galveston for more than one year before the commencement of the action, is sufficient under Rev. St. 1911, art. 4632, declaring that no suit for divorce from the bonds of matrimony shall be maintained unless the petitioner for such divorce shall at

the time of exhibiting his or her petition be an actual bona fide inhabitant of the state and shall have resided in the county where the suit is filed six months next preceding the filing of the suit.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 287–289; Dec. Dig. 🖙91.]

**2. SEQUESTRATION 🖙20 — JUDGMENT ON BOND—PLEADINGS.**

In a divorce suit where plaintiff sought to sequester property and it was replevied by claimant, judgment may be rendered on the replevin bond furnished by the claimant, though there were no pleadings on which to base such judgment.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. 🖙20.]

**3. SEQUESTRATION 🖙20—SEQUESTRATION OF PROPERTY—REPLEVIN—JUDGMENT ON BOND —DAMAGES.**

Where, on plaintiff's divorce suit, property which was sequestered was claimed by appellant and he gave a replevy bond, judgment having gone for plaintiff, judgment on the bond should be for the value of the property at time of trial plus reasonable rental value, and should not be for the value of the property at the time it was replevied plus rental value.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. 🖙20.]

**4. SEQUESTRATION 🖙20—SEQUESTRATION OF PROPERTY — REPLEVIN — JUDGMENT — EARNING VALUE OF PROPERTY REPLEVIED.**

Where an automobile sequestered by plaintiff was replevied by a claimant, judgment having gone for plaintiff, she is entitled to the actual earnings of the machine while in claimant's possession, or, if they could not be ascertained, to the reasonable and probable earnings of the machine.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. 🖙20.]

**5. SEQUESTRATION 🖙20—REPLEVY—BOND — DAMAGE.**

An automobile sequestered by plaintiff was claimed by appellant, who gave a replevy bond. Judgment against appellant provided that plaintiff should recover the principal sum named in the bond, subject to a credit in case the automobile was returned. _Held_, that as plaintiff was entitled only to recover the value of the automobile at the time of trial, plus its earnings during the interval, the judgment was fundamentally erroneous.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. 🖙20.]

**6. SEQUESTRATION 🖙15—SEQUESTRATION OF PROPERTY — REPLEVIN BOND — RETURN OF PROPERTY—EFFECT.**

Under Rev. St. 1911, art. 7108, declaring that, if property tendered back by defendant has been injured or damaged while in his possession under a replevy bond, the amount of such damage shall be adjudged by the officer or constable receiving the property, appellant who replevied property is entitled to return it, though it was damaged during the interim, upon paying the amount of the damage.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 25–32; Dec. Dig. 🖙15.]

**7. APPEAL AND ERROR 🖙1073(1)—REVIEW—HARMLESS ERROR.**

As one who replevied sequestered property is entitled to return it under Rev. St. 1911, art. 7108, and receive credit therefor, without any order of court, the fact that the judgment for plaintiff provided for return only in event the

property was not injured is harmless, though erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4240; Dec. Dig. 🖙1073(1).]

**8. NEW TRIAL 🖙85—RIGHT TO—DISCRETION OF COURT.**

In a divorce suit, where plaintiff sequestered an automobile which was claimed by appellant, appellant engaged counsel to file an answer and to represent him on trial, but they failed to do so without notice. On the day of the trial appellant's son was very ill and his presence with his son was necessary. _Held_ that, upon a showing of a meritorious defense, appellant was entitled to a new trial, and it was error for the court to refuse to hear his evidence on such motion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 170–172; Dec. Dig. 🖙85.]

**9. NEW TRIAL 🖙1—DUTY OF COURT—PREVENTION OF WRONG.**

The power of the trial court to prevent probable wrong by granting a new trial should be freely exercised.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 1–3; Dec. Dig. 🖙1.]

Error from District Court, Galveston County; Robt. G. Street, Judge.

Suit for divorce by Viola Sutfin against Earnest Sutfin in which a writ of sequestration was issued, and L. A. Coward replevied property sequestered. There was a judgment for plaintiff against the claimant, and claimant brings error. Reversed and remanded.

Meek & Kahn, of Houston, for plaintiff in error. Geo. G. Clough, of Galveston, for defendant in error.

LANE, J. This suit was instituted by Viola Sutfin against her husband, Earnest Sutfin, for a dissolution of the bonds of matrimony existing between them, and for their household goods valued at $150, and against her husband and appellant Coward jointly for an automobile valued at $400.

Plaintiff alleged in her original petition that at the time of filing same she resided in the county of Galveston of this state, and that she had been and was at the time of filing her suit a bona fide inhabitant of the state of Texas and county of Galveston, and had been such for more than one year next before the commencement of this suit; that she is the owner of an automobile, described in the petition, in her separate right; and that she fears that her said husband and defendant Coward, unless restrained by order of court, will dispose of said property, etc.

Upon plaintiff's application a writ of sequestration was issued, and said automobile was taken from the possession of defendant Coward by virtue thereof. Thereafter, to wit, on the 26th day of September, 1914, Coward gave a replevy bond in manner and form as provided by law, with Dan Wilson and Al Maher as his sureties, and by virtue of such bond took possession of said automobile.

The cause was called for trial on the 12th

day of December, 1914. Plaintiff appeared and announced ready for trial, but neither of the defendants appeared in person or by counsel. The trial court heard the evidence introduced by plaintiff and rendered judgment in her favor—first, dissolving the bonds of matrimony existing between her and defendant Earnest Sutfin; second, judgment against said Earnest Sutfin for the title and possession of the household goods sued for; third, judgment against Earnest Sutfin and (appellant) Coward for the title and possession of the automobile sued for by her; and, fourth, judgment against L. A. Coward as principal, and Dan Wilson and Al Maher as sureties, upon said replevin bond for the sum of $600. This decree further provides as follows:

"But it is further ordered, adjudged, and decreed by the court that the defendant L. A. Coward shall have the right, at any time within ten days after the date of this judgment, to deliver to the sheriff, or any constable of this court, the said automobile sequestrated, being Ford Car Motor No. 491,631, if the same has not been injured or damaged since the replevin, and upon such delivery so to be made there shall be credited, upon the herein judgment for $600, the sum of $300, the same being the proven value of said car and automobile at the time of the execution of said bond."

From so much of the judgment as is against L. A. Coward, Dan Wilson, and Al Maher said parties have appealed.

[1] Appellants insist that the trial court had no jurisdiction to hear and determine appellee's suit for a divorce from her husband, and consequently no jurisdiction to hear and determine the other matters involved therein, because there is no allegation in the petition that the plaintiff was an actual bona fide inhabitant of the state of Texas, and had been such inhabitant for one year next preceding the filing of her suit, and that she resided in Galveston county, where the suit was brought, for six months next preceding the filing of said suit.

There is no merit in appellants' contention. It is alleged in the petition "that plaintiff resides in the county of Galveston of this state, and that plaintiff has been and is now (the date of filing the suit) a bona fide inhabitant of the state of Texas and county of Galveston, and has been for more than one year next before the commencement of this action." This allegation substantially meets the requirements of article 4632. Rev. St. 1911, which provides:

"No suit for divorce from the bonds of matrimony shall be maintained in the courts, unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit." Jones v. Jones, 60 Tex. 455; Needles v. Needles, 54 S. W. 1070.

In the case of Jones v. Jones, supra, it is said:

"The plaintiff here alleges that she is a bona fide inhabitant of Camp county, where the suit was brought, and had been so continuously for six months before the commencement of this action. * * * We think that all such necessary facts are fully stated in petition, and the court had jurisdiction of the cause."

[2] Appellants also insist that the court erred in rendering judgment against them on the replevin bond for the sum of $600, for the reason that there was no pleading upon which such judgment could be based, and that such error is fundamental. If the proposition presented by the foregoing assignment was an open one, and had not been heretofore decided by our courts adversely to appellants' contention, the writer would be disposed to hold that the plaintiff should be required to allege by supplemental pleadings the specific damages suffered by reason of the taking of the automobile under the replevin bond, so that defendants might have prepared themselves to controvert the allegation of damages. But the decisions of the courts are adverse to appellants' contention. Wandelohr v. Grayson County Bank, 106 S. W. 415; Tyson v. Bank, 154 S. W. 1055; Morris et al. v. Anderson, 152 S. W. 677. In the case last cited it is said:

"It can be said the law in this case gives the defendant affirmative relief without any plea on the replevin bond when the plaintiff failed to establish her cause." Again: "We think the statutes under which plaintiff executed the replevin bond clearly authorizes the court to render judgment against the maker thereof for the return of the property or its value and for the value of its rents."

Following the decisions referred to, we must overrule appellants' assignment.

[3] Appellants' second assignment is as follows:

"The court erred in finding that the automobile at the time of the execution of the replevin bond was of the value of $300, and in rendering judgment against the appellant and his sureties, Dan Wilson and Al Maher, for the sum of $600, said amount including the item of $300 found to be the value of the machine at the date of the execution of the bond, and the other $300 being for the value of the hire of said machine at $5 per day, for the reason that there was not a scintilla of evidence before the court as to what was the value of the automobile at the date of the trial, and it was the duty of the court to find from the evidence, if any there was, the value of the automobile at date of trial, and not at the date of the giving of the replevin bond, and it was fundamental error for the court to find the value of the automobile as of date of the replevin bond and to render judgment against the appellant and the sureties on the replevin bond for the value as of that date and not as of the date of the trial."

The judgment shows that the trial court found the value of the property at the time of the execution of the replevy bond and not at the time of the trial. In such cases as the one now under consideration, proof should be made of the market value of the property, taken under the replevin bond, at the time of the trial. Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55; Wood v. Fuller, 34 Tex. Civ. App. 178, 78 S. W. 236; Martin v. Berry, 87 S. W. 712; Talcott v. Rose, 64 S. W. 1009; Lewter v. Lindley, 81 S. W. 776.

In the case of Luedde v. Hooper, supra,

Judge Brown, speaking for our Supreme Court in answering the following certified question, in a case similar to the one now before us, to wit, "Should the value of property in a case like the present be ascertained and determined at the time of trial, or at the time that the owner was illegally deprived of possession of the same, or at the date of the execution of the replevy bond by the defendant and his sureties in such a bond?" said:

"When a plaintiff sues to recover personal property, and by writ of sequestration places it in the custody of the sheriff or other officer, the defendant may retain possession of the property by giving bond conditioned as prescribed in article 4874, one of the conditions being 'that he (defendant) will have such property, with the value of the fruits, hire, or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof,' etc. The judgment to be rendered by the court in case plaintiff shall recover is prescribed in the following article of the Revised Statutes: 'Article 4876. The bond provided for in the three preceding articles shall be returned with the writ to the court from whence the writ issued, and in case the suit is decided against the defendant, final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied, and the value of the fruits, hire, revenue or rent thereof, as the case may be.' If the property be not damaged, the defendant may discharge the judgment by delivering the property itself to the sheriff; and, if it be damaged, then he may deliver the property by paying the damages, to be assessed by the sheriff. Articles 4877, 4878. The language used in article 4876, 'the value of the property replevied,' has been construed by this court to mean the market value at the time of the trial. Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704. The opinion in that case is well supported by sound reasons, and we deem it unnecessary to add anything to it. That decision is sustained by the following cases, construing statutes with similar provisions to ours: Brewster v. Silliman, 38 N. Y. 423; Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641; Chapman v. Kerr, 80 Mo. 158; O'Meara v. Mining Co., 2 Nev. 112. There is seeming conflict of authority on this question, but we are satisfied to rest the construction of the statute as already announced, by which the practice of the courts of this state has been shaped. We answer that the value of property sequestered and retained by a defendant under replevy bond should be determined by its market value at the time of the trial when the question arises in the original suit and under the statute."

We decline to follow the contention of appellee that the rule announced by the Supreme Court in the case just quoted is not the law and should not be followed, and that we should follow the rule as announced by the Court of Civil Appeals in the case of McLeod v. Craig, 43 S. W. 937. This court is controlled by the decisions of the Supreme Court.

[4, 5] We also think that the recovery to be awarded for the fruits, hire, and revenues of the automobile should be such sum as would compensate appellee for loss sustained by reason of the detention of said automobile, or its actual earnings (fruits) while in the possession of appellant, or, in the event said actual earnings cannot be ascertained, then the reasonable and probable earnings (hire) of said automobile, based upon the manner and kind of use to which it was put from the time appellant took possession of same until it is returned to appellee. See Railey v. Hopkins, 50 Tex. Civ. App. 600, 110 S. W. 779. The difference in the value of the automobile at the time appellant took possession of it under the replevin bond and at the time he tenders it back to the officer from whom he received same is to be adjudged by said officer before he is compelled to receive the same as a credit upon the judgment recovered against defendant and his bondsmen. As the judgment rendered by the trial court discloses the error complained of, we think such complaint presents fundamental error, and we therefore consider and sustain said complaint.

[6] The judgment rendered by the trial court was erroneous in adjudging that appellant shall have the right at any time within ten days after date of judgment to deliver the automobile to the sheriff, only in the event the same had not been injured or damaged, since it was replevied, as by article 7108, Rev. St. 1911, it is provided:

"If the property tendered back by the defendant has been injured or damaged while in his possession under such bond, the sheriff or constable to whom the same is tendered shall not receive the same, unless the defendant at the same time tenders the reasonable amount of such injury or damages, to be judged of by such sheriff or constable."

Under this article appellant is authorized to return the property taken under the bond, within ten days after judgment, to the officer, and if, at the time he returns the same, he tenders to said officer the injury or damage thereto, if any, while in his possession under the bond, such officer must receive such property, and its value upon return must be credited upon the judgment against the defendant and his bondsmen, thus relieving the parties from payment of such judgment to the extent of such credit.

[7] But such error is not cause for reversal of the judgment, as, under the law, appellant would have the right to return the property when he complies with the requirements thereof, without an order to that effect being made by the court. Mills v. Hackett, 65 Tex. 580.

[8, 9] Appellant's seventh assignment is that the court erred in not granting his motion for new trial, wherein, among other things, he alleges that "this defendant shows that he could not reasonably be expected to be in attendance on this court in this cause on the day of the trial hereof, because he says his little son was seriously ill at the residence of this defendant in a distant and remote part of the city of Galveston, and, as this defendant then believed, was in danger of his life, and this defendant was under the necessity and duty of caring for said child and of conveying said child to a sanitarium for medical aid and attention, all of which he did do, and was doing at the time of said

trial and at the time of the default claimed by plaintiff, and but for which he would have been in attendance upon this court in this cause, in support of which is attached hereto affidavits marked Exhibit A and Exhibit B, and made part of this motion.

This defendant having engaged counsel, as hereinbefore shown, believed that his said counsel would be in attendance upon this court, and would prepare and file his said answer, as in fact they had agreed to do, and would have done, but for the facts shown in paragraph 2 hereof, and so believing relied upon his said counsel to so file his answer and represent him on the trial hereof, and he did not know that his answer had not been filed, and he did not know that his counsel did not appear for him until after the said judgment complained of had been entered. And in support of the allegations herein respecting the employment of counsel and the answer prepared by them and delivered to counsel for plaintiff, and their withdrawal from his defense herein, he attaches the statement of Mr. King to this motion, and the same is marked Exhibit C and made part hereof.

He shows that he has a good and meritorious defense to the action of the plaintiff herein, and had caused the same to be set forth in his written answer, which said written answer, being the same as referred to in the preceding paragraph hereof, is hereto attached and marked Exhibit D, made a part of this motion, and requested to be filed among the papers of this cause, as of the second day of this term of court, and to be effective as his written answer of that date.

The affidavit of Dr. J. S. Jones attached to the motion for new trial is as follows:

"Know all men by these presents: That I am a regular licensed practicing physician in Galveston, Galveston county, Tex., and have been for more than one year next preceding the making of this affidavit; that I know L. A. Coward of Galveston, Galveston county, Tex.; that on the 12th day of December, 1914 (L. A. Coward has a child about three years old); that on the day just mentioned and for long prior thereto it had been seriously ill with an affection about the throat; that in my opinion an operation was imperative; that in my opinion the child was in a very dangerous condition; that in my opinion that in the presence of Mr. Coward the operation was absolutely necessary and proper; that on the morning of the 12th day of December, 1914, I performed an operation upon the child and this operation took place at 9:30 a. m.; that for some time prior to the operation we were making preparation for the operation, and Mr. Coward's presence was required.

"This the 26th day of December, A. D. 1914.
                                    "J. S. Jones.

"Subscribed and sworn to before me this the 26th day of December, A. D. 1914.·
    "[Seal.]      L. R. Pullor, Notary Public
    "in and for Galveston county, Tex."

The record shows that this cause was called for trial on the 12th day of December, 1914; that it was tried in the absence of appellant Coward and judgment rendered against him; that after the case was called for trial Messrs. King & Hughs, attorneys for appellant, withdrew from the case, without filing any answer for him, and that they had not notified him of their intention to so withdraw from the case, and that they would not further represent him; that he filed his motion for a new trial in due time, alleging, among other things, that he had a meritorious defense to plaintiff's cause of action, and setting out defensive matter which, if true, would have tended to defeat said cause of action. The motion also alleges the sickness of his son and the necessity for his presence at the bedside of his son, as set out in his assignment; that the attorneys employed by him had prepared his answer, and that the same had been handed to counsel for plaintiff, and the failure or refusal of his attorneys to file said answer was by reason of an affidavit made by the defendant Earnest Sutfin, which counsel for appellee showed to his counsel, the existence of which he had no knowledge. This motion was properly sworn to by appellant. The court refused to hear evidence in support of said motion, except such affidavits as were attached thereto, and overruled same.

We think the trial court erred in overruling appellant's motion without giving him a full hearing upon the evidence tendered. If the matters alleged in said motion are true, appellant was entitled to a new trial. The power to protect litigants against probable wrongs by rendition of judgments in their absence lies peculiarly in the trial court, and it should be freely exercised to prevent probable wrongs and injuries to parties litigant in his court. Goodhue v. Meyer, 58 Tex. 405; Chandler v. Meckling, 22 Tex. 42. This being true, the judgment of the trial court should be reversed, and the cause remanded for another trial, and it is so ordered.

Reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.