## LITCHFIELD v. FITZPATRICK et al.
## (No. 1122.)

(Court of Civil Appeals of Texas. El Paso. Oct. 21, 1920. Rehearing Denied Nov. 4, 1920.)

1. Chattel mortgages ⬯161—Mortgagee may take possession where series of notes for price due and unpaid.

The entire series of notes representing the price of an automobile being due and unpaid, the vendor chattel mortgagee, under the terms of the mortgage, provided that failure to pay any note on maturity would mature the entire series, had right to take possession of the car, and no cause of action for its rental or value arose in favor of the buyer mortgagor out of his action in so doing.

2. Sequestration ⬯20—Value of property to be determined by market value at time of trial.

The value of property sequestered and obtained by a defendant under a replevin bond is to be determined by its market value at the time of trial.

3. Sequestration ⬯20—Plaintiff not chargeable with revenue of property from date it was replevied by him to date of trial.

Under Rev. St.' 1911, art. 7112, judgment could not be rendered in favor of defendant against plaintiff mortgagor, who sequestered the property in controversy, or the sureties on his replevin bond, for the value of the fruits, hire, revenue, or rent of the property from the time of the bond to time of trial.

4. Sequestration ⬯20 — Plaintiff mortgagor made defendant in cross-action held protected against accounting by R. S. § 7112.

Plaintiff in suit to recover title and possession of an automobile which plaintiff sequestered, being defendant in a cross-action to recover on purchase-money notes and foreclose chattel mortgage, Rev. St. 1911, art. 7112, applies, and protects plaintiff and the sureties on his replevin bond against being required to account for the fruits, hire, revenue, or rent of the automobile from the date it was replevied until the time of trial; the purpose of the statute being to protect a mortgagor.

5. Appeal and error ⬯930(3)—Presumption questions of fact not submitted found so as to support judgment.

Under Rev. St. 1911, art. 1984a, as added by Acts 1913, c. 59, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a), on appeal it will be presumed that questions of fact not submitted to the jury were found by the trial court in such manner as will support the judgment.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by C. M. Litchfield against W. T. Fitzpatrick and others, wherein plaintiff sued out writ of sequestration, replevying the property involved, with J. R. Johnson and others as sureties on his replevin bond,

and defendants filed cross-action against plaintiff and such sureties. From the judgment rendered, plaintiff appeals. Reversed, and rendered in part, and affirmed in part.

Jno. F. Weeks, of El Paso, for appellant. E. L. Medler and F. C. Knollenberg, both of El Paso, for appellees.

HIGGINS, J. This suit was brought by the appellant, Litchfield, against the appellees, W. T. Fitzpatrick, I. D. Walters, and E. Durham; the last two named parties composing the firm of Walters & Durham. The suit was to recover the title and possession of an automobile and rental thereon for 45 days and for the value of certain personal property, alleged to have been converted by the defendants, which personal property consisted of accessories to the automobile.

Contemporaneously with the filing of the suit Litchfield sued out a writ of sequestration by virtue of which the automobile was sequestered. The defendants having failed to replevy the automobile, the plaintiff replevied the same with J. R. Johnson, J. P. Rountree, W. B. Hilgartner, and Joe Dunne as sureties upon his replevin bond. The automobile in question originally belonged to W. T. Fitzpatrick. On October 12, 1918, Walters & Durham, as agents for Fitzpatrick, sold the car to Litchfield for $1,000, $200 of which was paid in cash, and to cover the balance of the purchase price Litchfield gave ten notes for $75 each, and one for $50, all payable to the order of Walters & Durham. The notes were dated October 12, 1918. The first was payable one month after its date, and a note matured on the 12th of each subsequent month. The note for $50 matured last. The notes bore interest at the rate of 10 per cent. per annum from date, and provided for 10 per cent. attorney's fee and contained a clause providing that failure to pay any note at maturity would mature the entire series. They were secured by a chattel mortgage upon the automobile. The mortgage provided that failure to pay any one of the notes authorized the mortgagee to declare all of the notes at once due and payable and also authorized the mortgagee to take possession of the property with or without process of law and sell the same at auction for cash, applying the proceeds to the payment of the notes and expenses of sale. Contemporaneously with the sale of the automobile Walters & Durham sold Litchfield certain automobile tires or casings and tubes on credit. The note which matured November 12, 1918, was paid at maturity. The note which matured December 12, 1918, was not paid upon its due date, and on December 17th, Fitzpatrick and Durham went to an automobile stand in the city

of El Paso where the automobile was standing and took possession of same and moved it to the premises of Walters & Durham, where it remained for 45 days, when Litchfield filed this suit and sequestered the car.

The defendants, Fitzpatrick and Walters & Durham, filed a cross-action against Litchfield and the sureties upon his replevin bond; Fitzpatrick seeking a recovery upon his notes with foreclosure of his mortgage lien and Walters & Durham seeking a recovery against Litchfield for the personal property aforesaid, sold by them to Litchfield upon open account. The plaintiff, Litchfield, contended that the action of Fitzpatrick and Durham in taking possession of his car on December 17th was unauthorized because upon December 12, 1918, Walters & Durham, as agents for Fitzpatrick, had orally agreed to extend to December 18th the maturity date of the note which matured December 12th.

Upon trial before a jury the case was submitted upon special issues. The issues submitted and the jury's findings are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that the defendants, or one of them, granted the plaintiff, Litchfield, an extension for the payment of the second note due December 12, 1918, as alleged by plaintiff, Litchfield? Answer: No.

"Question No. 2: What was the reasonable market value of the automobile described in plaintiff's petition at the time the same was replevied by plaintiff? Answer: $600.

"Question No. 3: What is the reasonable market value of the automobile at this time? Answer: $300.

"Question No. 4: What was the reasonable rental value per day of said automobile from the time it was first taken by defendants to the time it was sequestrated by the plaintiff? Answer: $12.50.

"Defendants' special issue No. 5: Who purchased the two casings testified to in evidence, the defendant Walters or the plaintiff, Litchfield, and who paid for them? Answer: Walters & Durham.

"Defendants' special issue No. 7: Did the defendants take possession of the buckskin gloves? Answer: No."

Judgment was rendered that Litchfield take nothing, and that Fitzpatrick recover against Litchfield and the sureties on his replevin bond the principal, interest, and attorney's fees due upon the purchase-money notes, amounting to the sum of $880, with interest from the date of the judgment, and that Walters & Durham recover of Litchfield $78.50, with interest, same being the value of the tires and tubes aforesaid. The judgment provided that Litchfield and his sureties should have the right at any time within ten days to deliver to the sheriff the automobile and receive credit upon the judgment as provided by statute.

From this judgment Litchfield appeals, and first assigns as error that the answer of the jury to question No. 1 is unsupported by the evidence.

Litchfield and his son testified to an extension of time for the payment of the note due December 12, 1918, but they were squarely contradicted by the testimony of both Walters and Durham, who deny making the agreement of extension. The testimony of Walters and Durham abundantly supports the finding of the jury upon issue No. 1.

Under the second assignment the appellant contends that the court erred in denying him a recovery, for the rental value of the car from the date it was taken by Fitzpatrick and Walters and the date it was seized by the sheriff under the sequestration because the defendants were not entitled to the possession of the car, were naked trespassers, and during the time they had such possession made no effort to foreclose the mortgage lien.

[1] In view of the finding of the jury upon issue 1, it appears that the second note was past due when the defendants took possession of the car. Fitzpatrick testified that when he took possession he had exercised his option to mature all of the notes by reason of the failure of Litchfield to pay the second note upon its due date. The entire series of notes being thus due and unpaid, the mortgagee, under the terms of the mortgage, had the right to take possession, and no cause of action arose out of his act in so doing. Harling v. Creech, 88 Tex. 300, 31 S. W. 357; Wedig v. Brewing Association, 25 Tex. Civ. App. 158, 60 S. W. 567. And in this connection it is shown by the testimony of the defendants that their failure to promptly foreclose under the mortgage was due to negotiations initiated by Litchfield for a settlement of his notes.

Under the third assignment it is asserted that the judgment for $880 is excessive. The computation upon which this assignment is predicated is erroneous. The undisputed facts show that the principal amount due upon the notes was $725, and that interest to the date of judgment at the rate of 10 per cent. per annum amounted to $86.30. Adding the further sum of $80.13 as attorney's fees would take a total sum of $881.-43.

[2] Under a number of assignments of error the proposition is presented that the court erred in rendering judgment against the sureties for more than $300, the reasonable market value of the automobile at the date of trial. The rule is well settled in this state that the value of property thus sequestered and obtained by a defendant under replevin bond is to be determined by its market value at the time of trial. Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55; Wood

v. Fuller, 34 Tex. Civ. App. 178, 78 S. W. 236.

The recitations in the judgment indicate that judgment was rendered against the sureties for an amount in excess of the value of the sequestered property at the date of the trial upon the theory that "the fruits, revenue, hire, and rent of said automobile from the time of the replevin bond, to wit, February 6, 1919, to the time of the trial, exceed $800."

[3] Appellees in their brief also contend that Litchfield and the sureties upon his replevin bond were, properly chargeable with the fruit, revenue, hire, and rent of the automobile from the date it was replevied by Litchfield to the date of trial. But we are of the opinion that under article 7112, R. S., judgment against Litchfield and the sureties upon his bond could not be rendered for the value of such fruits, hire, revenue, or rent.

[4] The judgment against Litchfield for $880 is proper independent of the replevin bond, for he was indebted upon his notes in at least that sum. But the only liability of the sureties arises upon the replevin bond. Article 7112 reads as follows:

"In suits for the enforcement of a mortgage or lien upon property, the defendant, should he replevy the property, shall not be required to account for the fruits, hire, revenue or rent of the same, but this exemption shall not apply to the plaintiff in case he shall replevy the property."

This article manifestly is intended to protect a mortgagor in whom the right of property is vested against liability for rentals, etc., until the property is sold under foreclosure. Litchfield was the defendant in the foreclosure proceeding brought by the defendant Fitzpatrick in the cross-action to recover upon the purchase-money notes and foreclosure of chattel mortgage lien, and we are of the opinion that article 7112 applies and protects Litchfield and the sureties upon his replevin bond against being required to account for the fruits, hire, revenue, or rent of the automobile from the date it was replevied until the time of trial. In this connection see Fawcett v. Mayfield, 183 S. W. 111.

[5] Under the fourth assignment it is urged that there was no sufficient basis for the judgment, in that the court did not submit to the jury any question respecting the chattel mortgage or with reference to the amount due upon the notes and as to the attorney's fee. No request to submit any such question was made of the court. The testimony respecting the amount due is clear, and upon appeal it will be presumed that these questions of fact are all found by the court in such manner as will support the judgment. Article 1984a, R. S., as add-

ed by Acts 1913, c. 59, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a).

Under certain assignments it is asserted that the court erred in rendering judgment against the sureties for any sum because it does not appear that the condition of the replevin bond had been breached. With the exception heretofore noted, the judgment is in accordance with the sequestration statutes, and there is no merit in this contention. It is the judgment provided by the statute, and these assignments are therefore overruled.

In view of the reformation which will be made in the judgment against the sureties, the question presented by the tenth assignment is eliminated. The same is true of the eleventh assignment.

The last assignment in the appellant's brief is also numbered 11. The question presented thereby is covered by the ruling heretofore made that the judgment is in conformity with the sequestration statutes.

The judgment of the lower court in favor of Fitzpatrick against the sureties Johnson, Rountree, Hilgartner, and Dunne is reversed, and here rendered so as to limit such recovery to the sum of $300, with interest at the rate of 6 per cent. per annum from the date of the judgment in the court below. In all other respects the judgment of the lower court is undisturbed.