## WESTERN INDEMNITY CO. v. ALDERETE. (No. 1962.)

(Court of Civil Appeals of Texas. El Paso. March 3, 1927.)

Replevin ⬚124(3)—In independent suit on replevin bond, value at date property was replevied could be recovered; property not being produced at trial.

In independent suit on replevy bond, plaintiff could recover value of property at date it was replevied, where defendant failed to deliver up property, and where, at time of trial, it could not be found.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Suit by the Western Indemnity Company against F. G. Alderete, administrator of the estate of Isaac Alderete, deceased. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Loomis & Kirkland, of El Paso, for appellant.

C. L. Vowell, of El Paso, for appellee.

WALTHALL, J. This is a suit by the Western Indemnity Company against F. G. Alderete, administrator of the estate of Isaac Alderete, deceased, and, upon trial without a jury, judgment was rendered that the plaintiff take nothing. This is the second appeal in the case; the former opinion being reported in 278 S. W. 265. The plead-

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ings of the parties and the trial court's findings are sufficiently shown in the former opinion rendered, except it should be added that the last trial was upon an amended petition which contains the additional allegation that the plaintiff had made "diligent search and effort to locate and find said automobile in El Paso county, Tex., and that it has been unable to do so, and, according to the best information it has been able to obtain, said automobile was carried into the republic of Mexico, and was last heard of, according to its best information, at Paral, in the state of ———, republic of Mexico, which is approximately ——— miles from the city of El Paso, Tex."

The prayer was as follows:

"Plaintiff prays that it may have proper process requiring the defendant, F. G. Alderete, administrator of the estate of Isaac Alderete, deceased, to show cause why a mandatory injunction should not be issued against him requiring him to surrender, or cause to be surrendered, said automobile into the hands of the said Seth B. Orndorff, sheriff of El Paso county, Tex., and disclose to the said sheriff and to the plaintiff herein the whereabouts of said car, and the condition it is in, in order that the car may be appraised, and evidence introduced on the hearing of this cause touching the present value of said automobile.

"And upon final hearing thereof the plaintiff prays judgment against the defendant, F. G. Alderete, administrator of the estate of Isaac Alderete, deceased, in the sum of $272.41, together with eight per cent. per annum, interest thereon from May 29, 1923, until paid and all costs of court," and for general relief.

The trial court's findings upon the last trial contain these additional findings:

"I find that shortly after determination of test case No. 6355, heretofore mentioned in these findings, that the plaintiff herein, acting by and through its local representative, A. W. Bittick, under the direction and advice of its counsel, C. H. Kirkland, began making endeavors to locate the automobile described in three findings; that they interviewed the defendant, his agents, and relatives, made inquiries in Deming, as well as in El Paso, Tex., and that the information so received by said representative would indicate that the car had been carried into the Republic of Mexico.

"I find that plaintiff's local representatives in El Paso continued such hunt and investigation up to and within a short time of the trial of this case; and I find, as a matter of fact, that they did all an ordinary, prudent person would have done under such circumstances.

"I find that their local representatives know nothing about the whereabouts of the car at the time of this trial, or of its value; I also find that the defendant, F. G. Alderete, knows nothing about the car, or its value at this time."

In Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704, it was said:

"The value of the property for which defendant and the sureties on his replevy bond may be liable is not the value at the time the petition or affidavit is filed, but at the time of the trial. In satisfaction of the judgment on the bond the property can be returned, and if only a part of it be returned then there shall be a credit on the judgment pro tanto. The verdict of the jury will determine this value. Rev. Stats., art. 4502; Cook & McElvy [McElvey] v. Halsell, 65 Tex. 1. If the property should enhance in value after the suit and affidavit were filed, it would not be just to allow plaintiff only the value at that time. Since the return of the property will discharge the judgment, and its value can be substituted for the property, it must be estimated at the trial."

In McLeod Artesian Well Co. v. Craig, 43 S. W. 936, by one of the Courts of Civil Appeals, it was said that the rule announced in Watts v. Overstreet was not of invariable application, and that the measure of recovery upon the bond would vary with the facts and circumstances of the particular case. The question again came before the Supreme Court upon a certified question in Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55, where Judge Brown said:

"The language used in article 4876, 'the value of the property replevied,' has been construed by this court to mean the market value at the time of the trial. Watts v. Overstreet, 78 Tex. 571 [14 S. W. 704]. The opinion in that case is well supported by sound reasons and we deem it unnecessary to add anything to it. That decision is sustained by the following cases, construing statutes with similar provisions to ours: Brewster v. Silliman, 38 N. Y. 423; Allen v. Fox, 51 N. Y. 562 [10 Am. Rep. 641]; Chapman v. Kerr, 80 Mo. 158; Omeara v. N. A. Mining Co., 2 Nev. 112. There is seeming conflict of authority on this question, but we are satisfied to rest the construction of the statute as already announced by which the practice of the courts of this state has been shaped. We answer that the value of property sequestered and retained by a defendant under replevy bond should be determined by its market value at the time of the trial, *when the question arises in the original suit and under the statute.*" (Italics ours.)

The rule thus announced, with one exception, has been followed ever since so far as we are advised. Wood v. Fuller, 34 Tex. Civ. App. 178, 78 S. W. 236; Brunson v. Bank (Tex. Civ. App.) 175 S. W. 442; Herrera v. Marquez (Tex. Civ. App.) 182 S. W. 1144; Coward v. Sutfin (Tex. Civ. App.) 185 S. W. 380; Brooks v. Taylor (Tex. Civ. App.) 214 S. W. 361; Litchfield v. Fitzpatrick (Tex. Civ. App.) 224 S. W. 926; Brookmole v. Kinchen (Tex. Civ. App.) 253 S. W. 953.

In all of these cases the question arose in the original suit where the character of the judgment to be rendered was governed by the statute. As was pointed out in Wood v. Fuller, supra, the rule is based upon the statutory provisions relating to the character of the judgment which shall be entered against the obligors in the original action.

The present action is an independent one based upon a bond, and the character of the

judgment to be entered is not governed by the statute. Indeed, it has been held that the judgment need not follow the statute with reference to the right to return the property replevied when it has been disposed of by the parties who replevied the same, or for some other reason it cannot be produced. Herrera v. Marquez, supra; Herder v. Clothing Co. (Tex. Civ. App.) 37 S. W. 784; Pipkin v. Tinch (Tex. Civ. App.) 97 S. W. 1077.

The only case which we have found where a different measure of recovery was applied in the original action is Crenshaw v Staples, 173 S. W. 1184, by the Texarkana Court of Civil Appeals, where it was said:

"The remaining question is: Did the sureties have a right to complain at the action of the court in making their liability depend upon the value of the property at the time it was replevied, and not upon its value at the time of the trial? Under ordinary conditions, where there has been no breach of the replevin bond which prevents a return of the property in satisfaction of the judgment as permitted by law, this contention is correct. Luedde, et al. v. Hooper, 95 Tex. 172, 66 S. W. 55; Wood v. Fuller, 34 Tex. Civ. App. 178, 78 S. W. 236. But in this case the facts show without dispute that, after the execution and delivery of the replevin bond, one of the animals embraced in the property sequestered died, and that the remainder had been disposed of by Crenshaw. It was also shown by the testimony of both the appellee and Crenshaw that at the time of the trial the property was comparatively worthless. When Crenshaw disposed of the property does not appear, and there was no offer to show that its value at the time of this disposition was different from what it was at the time it was replevied by him. When Crenshaw replevied the property, he obligated himself to have it forthcoming to abide the final decision rendered in the suit. Revised Civil Statutes, art. 7104. It was upon his promise to do this, and the execution of the bond to insure its fulfillment, that he was permitted to retain the custody of the property. The bond is not a substitute which authorizes the defendant to sell or otherwise dispose of the property at his election. Crawford v. S. R. I. Plow Co., 33 Tex. Civ. App. 510, 77 S. W. 280. It is a solemn undertaking by the defendant to have the property on hand and ready to be subjected to any writ that may be issued against it, and his sureties guarantee that he will do this. If he fails, the plaintiff is entitled to recover whatever he loses by reason of such failure. Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704. Therefore, when the defendant, after securing possession of personal property in this manner, sells it before the day of trial, he voluntarily places it beyond his power to fulfill his undertaking and commits a breach of his bond. His liability for the value of the property then becomes absolute if he loses upon the main issue in the case. To permit him after such a sale to prove that the value of the property at the time of the trial was less than it was when it passed into his hands, and thus reduced his liability, would allow him to profit by his own misconduct. After he parts with his title and possession of the property, fluctuations in value cannot inure to his benefit, but may operate to his injury. What estops the principal is equally effective against those who guaranteed the performance of his undertaking. The facts of this case are such as to take it out of the rule laid down by the Supreme Court in Luedde v. Hooper as previously cited.

"We conclude that the trial court committed no error in holding that the value of the property at the time it was replevied was the proper measure of damages."

The present suit is an independent action, based upon a breach of the replevy bond given by Estavillo and his sureties in the original action.

Justice Brown, in the opinion which he rendered in Luedde v. Hooper, was careful to limit his ruling as to the proper measure of damage to cases when the question arose in the original suit, and under the statute and upon the facts here presented by the present appeal it would be wholly inadmissible to hold that the recovery against the surety upon the replevy bond is to be measured by the value of the property replevied at the date of the trial. The bond was an undertaking by the defendant in the main action to have the property forthcoming, and his sureties guaranteed that he would do this. Said defendant has failed so to do, and by his action has rendered it impossible for the plaintiff to show the value of the property at the time of the trial, and we are therefore of the opinion that the value of the property at the date it was replevied is the proper measure of recovery in this case. This value the trial court found to be $250, and judgment for that amount will be here rendered, with interest at the rate of 6 per cent. per annum from May 29, 1923, as prayed for.

The present appeal is upon a record different from that presented by the former appeal. Upon that appeal there was neither pleading nor finding of fact that would authorize the application of a measure of recovery other than that laid down in Luedde v. Hooper.

The judgment of the lower court is reversed and here rendered against the appellee, to be classified and paid in due course of administration of the estate of his intestate.

Reversed and rendered.