KELLEY et al. v. C. D. SHAMBURGER LUMBER CO., Inc. (No. 3289.)

Court of Civil Appeals of Texas. Amarillo. Jan. 8, 1930.

884

Cook & Donaghey, of Vernon, and Kay, Akin & Smedley, of Wichita Falls, for appellants.

Storey, Leak & Storey, of Vernon, for appellee.

RANDOLPH, J. ■ The appellee not having filed a brief on this appeal, the statement of the case contained in the brief of appellants will be taken as correct. Wolfe City Oil Co. v. George (Tex. Civ. App.) 30 S. W. 672.

The Shamburger Lumber Company filed this suit in the district court of Wilbarger county against the Quaker Oil Company, Kork Kelley, and Alliene Kelley, to recover judgment on two open accounts and for the foreclosure of a materialman's lien on personal property and on an oil lease. Judgment for plaintiff, and defendants appeal.

The plaintiff's amended petition alleges that, at the special instance and request of the Quaker Oil Company, plaintiff sold and delivered to said oil company the materials as shown by the itemized account attached thereto, marked Exhibit A, and also at the special instance and request of the said oil company the plaintiff furnished to one Taylor the various items of material and building supplies set forth in Exhibit B thereto attached; that all such items shown in both and each of the exhibits were of the reasonable value as set out in said accounts; that there is due and owing to the plaintiff on the account set forth in Exhibit A the sum of $367.70, and on the account set out in Exhibit B the sum of $428—the aggregate of the two accounts being $795.70, plus interest.

The petition further alleges that the material described in said two accounts were placed on the N. W. ¼ of the S. E. ¼ of section 26, block 2, Houston & Texas Central Railway Company surveys in Wilbarger county, Tex., and were used in the drilling of what was known as the Quaker Oil Well No. 1, and that the defendants Kork Kelley and Alliene Kelley purchased said well and as part of the consideration bound and obligated themselves to pay plaintiff for the materials shown in each of said accounts, and that said Kork Kelley and Alliene Kelley had actual possession of said materials and used same in the furtherance of the enterprise of drilling said well. Plaintiff further alleges that, within due time and in the manner provided by law, it fixed a materialman's lien upon the derrick and shack and also upon the oil lease on the above described land, and that the plaintiff caused a writ of sequestration to be issued and had the sheriff take possession of said property.

Plaintiff prays for judgment against the defendants jointly and severally for the amount of its debt, together with interest at the rate of 6 per cent. and for a foreclosure of its materialman's lien and sequestration lien, for costs and general relief.

The defendants filed their amended answer, consisting of a general demurrer and general denial, and also a cross-action as follows:

"Alliene Kelley, who at all times mentioned herein was, and is, the wife of Kork Kelley, as cross-action against plaintiff, represents to the Court, that long prior to the alleged dates of the sale and delivery of the alleged material, one J. H. Devine was the owner and in the peaceable possession of the derrick, *and* the oil and gas lease then covering the land described in plaintiff's petition holding the same freed of all liens or encumbrances, and on, to-wit: the 1st day of June, A. D. 1925, sold the same, together with other property hereinafter mentioned, to the defendant Quaker Oil Company, in consideration, among other things, of two promissory notes, bearing date on the day and year last aforesaid, in the sum of two thousand two hundred fifty dollars each, bearing interest at the rate of ten per centum per annum from date until paid, signed by the Quaker Oil Company and payable to the said Devine, or order, 30 and 60 days after date, each, respectively, and providing for ten per cent. additional on the principal and interest then due, if placed in the hands of an attorney for collection, or if sued upon, and thereby the said Quaker Oil Company promised to pay the said Devine, or order, the sum of money in said notes specified according to the tenor and effect thereof.

"That on the 1st day of June, A. D. 1925, for the purpose of securing the said Devine in the prompt payment of said two notes, the said Quaker Oil Company executed and delivered to the said Devine its certain chattel mortgage whereby it mortgaged and granted to him that certain personal property then located in Wilbarger County, Texas, on the oil and gas lease then occupied by the said Quaker Oil Company on the S. E. corner of the N. E. ¼ of the S. E. ¼ of Section No. 26, of Block No. 2, of the H. & T. C. Ry. Co. surveys described as the one complete second hand standard rig, with derrick 74 feet high and one complete second hand string of tools then on said land, wherein it was provided, among other things, that if default should be made in the payment of said notes, each or either of them, the said mortgagor should have the right to take actual possession of said property and sell the same in satisfaction of said notes, which chattel mortgage created a valid and subsisting lien on said property, which is still subsisting against same to secure the payment of such notes and all amounts due thereon, a copy of which chattel mortgage is hereto attached, marked exhibit A, and a true copy of said notes is hereto attached, marked exhibit B and made a part of this petition.

"That thereafter the said Quaker Oil Company abandoned said derrick and said property and the lease was declared forfeited by the fee owner of said land and the posses-

sion thereof reclaimed by the W. T. Waggoner Estates; and it released said land to defendant Kork Kelley with the derrick thereon on Jan. 18, A. D., 1926.

"That thereafter the said J. H. Devine, there being then due and unpaid on said notes the sum of $3500.00, for a valuable consideration paid to him, sold, transferred and assigned said notes, together with the aforesaid chattel mortgage, to the defendant Alliene Kelley, and she is now the owner and holder thereof and the same remain still due and unpaid and in no way discharged or satisfied, and said lien in full force and effect; that the said mortgagor abandoned the property in said mortgage described and defendant Alliene Kelley took possession thereof, which was then of the reasonable value of not over one thousand dollars."

Plaintiff, by its supplemental petition, alleges that the mortgage mentioned in said cross-action as having been assigned to the defendant Alliene Kelley had never been at any time foreclosed by her; that at the time said assignment was made to her, plaintiff's materialman's lien had been filed in the office of the county clerk of Wilbarger county, and that at the time she took possession of said property said lien was a valid, outstanding, subsisting lien against the property and in taking over same she had assumed the payment of the debt due plaintiff, and further that she stated to C. D. Shamburger that, if he would carry the account for her for a while, said indebtedness would be taken care of by her, and that the plaintiff agreed to carry same, relying upon her promise to pay it; that all of said materials were used by the defendants Kelley in the drilling of the well on said oil lease, and that the defendant Alliene Kelley is now estopped to deny liability on said accounts.

A trial was had, and, on the answers to special issues submitted to the jury, the court rendered a judgment in favor of the plaintiff and against the Quaker City Oil Company, and for a foreclosure of the materialman's lien and of the lien given by the levy of the writ of sequestration, as against all of the defendants, and further, on the failure of the defendants Kelley to return the property subject to said liens, judgment was rendered against the defendant Alliene Kelley and her sureties on the replevy bond given by her for the sum of $940.54. From this judgment the appeal has been taken.

The trial court submitted the case to a jury upon special issues and in answering same the jury found that W. A. Taylor or Devine did not pay the plaintiff for the lumber used in the construction of the derrick on the lease described in the plaintiff's petition; that $428 is due on such Taylor account which is identified as Exhibit B; that the items of material marked Exhibit A, exclusive of that portion marked "shack bill," were sold and delivered by the plaintiff to defendant Quaker Oil Company; that the shack itself was sold by plaintiff to the defendant Quaker Oil Co.

■ The error on the part of the trial court assigned under the first proposition is that the appellee, seeking to foreclose a materialman's lien, as provided by chapter 3, tit. 90, of the Revised Civil Statutes, against an owner of an oil leasehold interest in land, failing to allege that the material was furnished under contract with the owner of the lease, it was not entitled to have a foreclosure of such lien.

While it is true that the plaintiff's petition contains no express allegation that the contract of sale was made with the owner of the lease, article 5473, R. C. S.; Duty v. Texas-Cushing Oil & Development Co. (Tex. Civ. App.) 242 S. W. 495; Burk Burnett-Mann Oil Co. v. Robertson (Tex. Civ. App.) 240 S. W. 1046, yet, from the petition as a whole, indulging all reasonable intendments, an inference can be drawn that the material was furnished to the owner of the leasehold. This inference is supplemented by an admission in the defendants' answer which is as follows: "Alliene Kelley, who at all times mentioned herein, was and is the wife of Kork Kelley, as cross-action against the plaintiff, represents to the Court that long prior to the alleged dates of the sale and delivery of the alleged material, one J. H. Devine was the owner and in peaceable possession of the derrick and the oil and gas lease then covering the land described in plaintiff's petition, holding the same freed of all liens and encumbrances and on to-wit: the 1st day of June, A. D. 1925, sold the same, together with other property hereinafter mentioned, to the defendant Quaker Oil Company, in consideration, among other things, of two promissory notes * * * and thereby the Quaker Oil Company promised to pay said Devine or order the sums of money in said notes specified, according to the terms and effect thereof."

■ It is true that the defendant made a motion to withdraw the above-quoted allegation, which the trial court overruled, and to which ruling of the court the defendants excepted, but it appears from the defendants' bill of exception that both parties had answered ready for trial, that the evidence had been submitted to the jury, and that, during the argument of the case, the defendants' attorney asked for an instructed verdict because the plaintiff had not alleged that the Quaker Oil Company owned the lease at the time the material was furnished, and, after the jury had returned its verdict, the court having under consideration the matter of the rendition of the judgment, suggested to counsel for defendant that the defendants in their answer, upon which trial was had, alleged that the leasehold was owned by Devine freed of all liens, and that he sold same to the

Quaker Oil Company. Whereupon, one of the attorneys for the defendants stated that he had drawn the answer, and that, if such allegation was in it, it was an error and the result of inadvertence, and thereupon presented defendants' motion to withdraw such allegation, which motion the trial court overruled and permitted the allegation to stand.

It is presumed that the counsel who drew the pleading would know what the pleading contained. Counsel having permitted the trial to proceed through the introduction of the evidence and the return of the jury's verdict, it was within the discretion of the trial judge to refuse to permit such withdrawal. The plaintiff had the right to rely upon the allegations of the answer as filed, and the trial judge did not abuse the discretion vested in him in refusing to permit the withdrawal of any part of the pleadings.

■ No proof was offered to show the value of the material alleged to have been furnished the Quaker Oil Company and which had been levied on by writ of sequestration and thereafter replevied, as of the date of the trial.

Article 6850, R. C. S., provides as follows: "If the property to be replevied be personal property, the condition of the bond shall be that the defendant will not remove the same out of the county, or that he will not waste, illtreat, injure, destroy or sell or dispose of the same, according to the plaintiff's affidavit, and that he will have such property, with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire or revenue of the same in case he shall be condemned so to do."

The "value" of the property has been held to be the value of same at the trial and the sureties were not liable for any other value. Hence, no proof having been introduced of such value, the finding of the court that its value was $1,500 was without support of evidence. McLeod Artesian Well Co. v. Craig (Tex. Civ. App.) 43 S. W. 934; Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55; Litchfield v. Fitzpatrick (Tex. Civ. App.) 224 S. W. 926; Wood v. Fuller, 34 Tex. Civ. App. 178, 78 S. W. 236; Talcott v. Rose (Tex. Civ. App.) 64 S. W. 1009.

■ We cannot understand upon what theory the trial court rendered judgment foreclosing the materialman's lien upon the oil lease. It was pleaded by the defendant and was shown by the evidence that the lease had been abandoned and had reverted to the owner of the fee, and the trial court so found. Consequently, the lease having no longer any existence, the trial court was concerned only with the disposition necessary to be made of the liens upon the material furnished by the plaintiff and located on the land within the limits of the abandoned oil lease.

The defendants alleged the purchase of the notes given by the Quaker Oil Company to Devine and also of the mortgage on the property in controversy given to secure the payment of the notes. Of course, the ownership of the notes and mortgage did not give Mrs. Kelley any title to the property, and, if she obtained possession of the property and disposed of it or converted it to her own use and benefit, she would be responsible for the value of same. W. S. Johnson v. M. E. Taylor (recently decided by this court) 22 S.W.(2d) 947. However, the trial court found that the mortgage of Mrs. Kelley was inferior to the lien of plaintiff, but did render judgment decreeing a foreclosure subject to the plaintiff's liens, notwithstanding he found that she had disposed of it in some manner.

Because of the errors indicated, we reverse the judgment of the trial court and remand the case to that court for a new trial.