### J. W. Hull et al. v. S. G. Davidson.

#### No. 810.

1. **Limitation—Stolen Property.**—An instruction, that if the animal sued for was in the first instance stolen from the plaintiff the defendant's plea of limitations was not tenable, although he and his vendors had held the animal by purchase in good faith for more than two years prior to suit brought therefor, is erroneous.

2. **Measure of Damages — Market Value — Hire and Use.**—Ordinarily the measure of damages for the conversion of an animal is its market value at the date of conversion, with interest from that date; and where it is proper to assess the value of its use and hire, this should not be computed by the day for a long period of time.

Appeal from the County Court of Wichita.   Tried below before Hon. J. H. Barwise.

*James & Chambers*, for appellants.—1.   Under his plea of limitation the defendant was entitled to the mare.   The uncontradicted testimony of all the defendant's witnesses traced the mare back from one to another,

and showed beyond controversy that the mare had been held under an honest claim of right openly and adversely for a period of about two years and six months prior to the institution of this suit and after plaintiff's cause of action accrued, and that none of the parties claiming or holding said mare had been guilty of any fraud or were in any way connected with any theft of the mare, if in truth she was ever stolen. Huckins v. Kopf, 14 S. W. Rep., 1016; Paul v. Perez, 7 Texas, 338.

2. In such an action as this the measure of damages is the market value of the horse at the time it came into the purchaser's hands, with interest from that date. Huckins v. Kopf, 14 S. W. Rep., 1016; Hudson v. Wilkinson, 45 Texas, 445.

No brief for appellee reached the Reporter.

TARLTON, CHIEF JUSTICE.—Suit brought February 20, 1890, with a writ of sequestration, to recover a certain sorrel mare or her value. Judgment in the County Court for $135, from which this appeal is prosecuted.

Among the defenses relied upon by the defendant Hull was the plea of two years limitation. To this the plaintiff replied, "that the animal in controversy was stolen from the plaintiff herein in the fall of 1887." It appears from the plaintiff's testimony, assuming the identity of the animal sued for with that claimed by the defendant, that she was missed from her range in Young County about October 1, 1887; that she had never before that time attempted to run astray; and that the plaintiff failed to notice the animal in the list of estrays published in the Dallas News, whence the plaintiff drew the conclusion, to which he testified as a fact, that the animal had been stolen at the date named.

For the defendant, the evidence is undisputed, that one Manges Goode was in possession of the mare, using her openly and claiming to be her owner, as early as the year 1887; that as early as January, 1888, and probably before that date, he sold the mare to one Samuel Wright, and that from Samuel Wright, through mesne transfers, the defendant bought the animal for a valuable consideration, claiming and holding her notoriously and adversely at the date of the institution of this suit, during a period more than sufficient to meet the requirements of the statute pleaded.

The charge of the court, as we read it, was so framed as to instruct the jury, in effect, that if the mare in the first instance was stolen, the defendant's plea of limitation, or his title dependent thereon, was tainted, though he and his vendors had held the animal in good faith for a period of more than two years before the bringing of the suit. This instruction we hold to be erroneous. The evidence will not permit us to indulge the inference that the defendant and those under whom he held for two years

before the date of the suit were in any way connected with the theft, if it existed, of the animal. Munson v. Hallowell, 26 Texas, 475; McDonald v. McGuire, 8 Texas, 361; Huntsman v. Jarvis, 17 Texas, 161; Winbourne v. Cochran, 9 Texas, 123.

Under the facts of this case, we think that the proper measure of damages to be applied was the market value of the mare at the date of conversion, with legal interest from that date. The evidence discloses no peculiar features connected with the use of the animal which would require the application of an exception to this rule and the assessment of special damages. Gillis v. Wofford, 26 Texas, 76; Craddock v. Goodwin, 54 Texas, 578. If, however, it was proper to consider as a measure of damages the value of the use and hire of the mare, this hire should not be computed by the day, as was done on the trial below. Hudson v. Wilkinson, 45 Texas, 444.

For these reasons, we reverse the judgment and remand the cause.

*Reversed and remanded.*

Delivered March 9, 1894.