## T. L. Railey et al. v. John Hopkins.

### Decided May 7, 1908.

**1.—Trover and Conversion—Measure of Damage.**

When the facts of a case show that just compensation for the unlawful detention and use of personal property is more than the rate of interest on the value, the proper measure of damage is the value of the use and hire of the property. This rule applied in a suit for damages for the seizure by execution of exempt personal property. In such case the damages should not be ascertained by the value of the use or hire by the day or month, but for the entire period during which the owner was deprived of the use.

**2.—Execution Sale—Indemnitors—Liability.**

The purchase of property by a deputy constable at a constable's sale renders the sale void, but such fact would not discharge the sureties on an indemnity bond given to the constable to induce the seizure of the property.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*J. V. Meek* and *C. E. & A. E. Heidingsfelder,* for appellants.—In an action of trover for the value of property converted, in the absence of malice or fraud, the true measure of damages is the value of the property at the time of conversion, with legal interest thereon, and it is not proper in such a case to allow for the value of the hire or use of such property. Hudson v. Wilkinson, 45 Texas, 444; Craddock v. Goodwin, 54 Texas, 579; Hull v. Davidson, 6 Texas Civ. App., 588; Gillies v. Wofford, 26 Texas, 77; Blum v. Thomas, 60 Texas, 158; Daugherty v. Lady, 73 S. W., 837; Grimes v. Watkins, 59 Texas, 139.

Where an officer levies an execution upon property claimed as exempt and refuses to proceed further, or demands indemnity in the first

instance, and the plaintiff in execution gives him an indemnifying bond, and insists, by reason thereof, that he proceed with the sale, and the principal in said bond appears at the sale and demands that the property be sold, and he receives the proceeds from said sale, the fact that the officer's deputy bought said property at said sale, would not release the principal or sureties in said bond. Illies v. Fitzgerald, 11 Texas, 418.

The court erred in not granting the defendant a new trial on account of the improper argument and conduct of plaintiff's counsel, in his closing speech to the jury, who said and informed the jury, "That there has been four continuances of this cause, and that the defendant himself (meaning Railey), had been the cause of said delay, and that he run the damages up and could not complain." Houston & T. C. R. R. Co. v. Rehm, 36 Texas Civ. App., 553; Willis v. McNeill, 57 Texas, 465; Prather v. McClelland, 26 S. W., 658; Gulf, C. & S. F. Ry. v. Greenlee, 70 Texas, 553.

*Love & Channell,* for appellees, Schwarz and Foley.—A constable who, in violation of a plainly prescribed statutory duty, sells to his deputy the property levied upon under execution, will not be permitted to take advantage of his own wrong by shifting the consequent damage onto innocent indemnifiers. Rev. Stats., art. 2380; Illies v. Fitzgerald, 11 Texas, 417, 425; 22 Cyc. 83.

*Stanley Thompson,* for appellee, Hopkins.—The rule of recovery in action of trover for the value of property converted is not always the value of the property at the time of conversion with legal interest thereon, but each case stands upon its own facts, the rule being that the party wronged shall be fully compensated for all the damage necessarily resulting from the wrongful act. Moore, McKinney & Co. v. King, 4 Texas Civ. App., 397; Ladd v. Ney, 10 Texas Ct. Rep., 292; Craddock v. Goodwin, 54 Texas, 587, 588; Pridgin v. Strickland, 8 Texas, 434; Haviland v. Parker, 11 Mich., 104.

McMEANS, ASSOCIATE JUSTICE.—This was a suit by John Hopkins, appellee, against T. L. Railey, constable of Harris County, and his official bondsmen, L. E. Miller, J. J. Sweeney and Fort Smith. He also made J. J. Foley and H. A. McFay, trustee in bankruptcy of J. J. Foley and C. Schwartz and J. K. J. Foley, parties defendant, the two last named being sureties on an indemnifying bond made by J. J. Foley to Railey, the constable. The action was for the conversion of property levied upon by Railey, by virtue of an execution in favor of J. J. Foley issued out of the Justice Court of Harris County. Railey demanded of Foley a bond of indemnity, which was given with Schwartz and J. K. J. Foley as sureties. Railey then levied upon a horse, a mare and two mules as the property of Hopkins, but the latter disclaimed ownership of the mules and brought this suit for the conversion of the horse and mare, alleging their value when seized at $300, and also sued for the value of their use and hire which he alleged to be $2.00 per day. Railey and his bondsmen answered by general denial, and specially pleaded that in making the levy Railey acted

without malice. They prayed for judgment over against the maker and sureties of the indemnity bond in the event judgment should be rendered against them. The case was submitted to a jury on special issues, and upon their findings a judgment was rendered against Railey and his bondsmen for $225, as the value of the two animals, and for $375 as the value of their use from the time of seizure to the date of trial, and in favor of Schwartz and J. K. J. Foley, the sureties on the indemnity bond; from which judgment appellants prosecute this appeal.

The evidence justifies the finding that the animals levied upon, the conversion of which is the basis of this suit, were exempt to Hopkins, a married man and the head of a family, from forced sale, and that the constable was informed of this fact, at the time of the levy and of the sale, and for his own protection demanded and was furnished the bond of indemnity.

By his first, second, third, fourth and fifth assignments of error appellant complains of the admission in evidence over his objection of testimony as to the value of the use and hire of the animals in question; of the fact that the constable knew they were exempt from levy and forced sale and of Hopkins' inability to buy another team. Under these assignments he asserts the proposition that in an action of trover, such as this was, the true measure of damages, in the absence of malice or fraud, is the value of the property at the time of its conversion, with legal interest thereon; and that it is not proper in such a case to allow for the value of the hire or use.

With this contention we can not agree. "The principle on which the courts proceed in awarding damages in actions for trover is, that the plaintiff is entitled to full indemnity for the injury sustained by reason of the wrongful conversion of his property; that the defendant shall not derive any benefit from his wrongful act. The very fact that interest upon the value is allowed, which is now generally admitted by all the authorities, is upon the theory that it is equivalent to the use of the property detained. When the facts of the given case show that just compensation for detention or use of the property is more than the rate of interest allowed by the general rule, why should not the reason for an application of the general rule cease, and the value of the detention and use of the property be ascertained to the extent that compensates the injured party, and which results as the proximate consequences of the trespasser's wrongful act?"

The very facts of this case aptly illustrate the propriety in some cases of extending the measure of damages beyond that prescribed by the general rule. In this case it was shown that plaintiff was a fruit and vegetable vender, and that in the pursuit of his business he used a wagon drawn by the animals seized. The jury found the value of the animals to be $225 and the reasonable value of their use during the two and one-half years between the dates of conversion and the trial to be $375. Giving the plaintiff the value of the animals with legal interest on that amount would certainly not be compensation for the loss sustained by reason of the wrong committed. The use that he was deprived of may have been as valuable as the animals themselves; and that value of the use, with the property itself, is conferred upon the

wrongdoer if the plaintiff is confined in his recovery to the value and interest. Such a rule, in a case like this, would not only deprive a plaintiff of his property, but would permit a trespasser to profit by his own wrong, and would afford a profitable enterprise to such wrongdoers in obtaining wrongful possession of property especially valuable for use. Moore, McKinney & Co. v. King, 4 Texas Civ. App., 397; Ladd v. Ney, 36 Texas Civ. App., 201; Craddock v. Goodwin, 54 Texas, 579; Hudson v. Wilkinson, 45 Texas, 444; Waller v. Hail, 46 S. W., 82.

What we have here said disposed of the first, second, third, fourth and fifth assignments adversely to appellant's contention, as well as the sixth assignment which complains of the charge of the court in submitting as an element of damage the value of the use and hire of the animals during the time of their detention.

When the property was sold under execution Gus Albers, a deputy under constable Railey, purchased the property, and this rendered the sale void; Revised Statutes, art. 2380; and the trial judge so instructed the jury. He further instructed the jury that because the sale was void the sureties on the indemnifying bond were not liable, and to return a verdict for them; and the giving of this charge is complained of in appellant's seventh and ninth assignments of error.

The assignments are well taken and must be sustained. It is not pretended that the act which the officer was indemnified to perform was unlawful. That act was to take and detain property from the possession of its owner, and to sell it under a writ of execution in satisfaction of a judgment. The indemnitors admit that the writ was valid and the proceedings regular at the time the bond was executed. This being true, the mere fact that in performing the act protected by, if not induced by, the execution of the bond the constable sold the property to someone not authorized by law to purchase it, would in no wise affect the validity of the bond or the obligation of the sureties. The damages to appellee were occasioned by reason of the seizure and detention of property exempt from forced sale, for which the officer and his bondsmen were directly responsible to him, and these damages accrued to him regardless of whether the property was detained by the officer without a valid sale of it or by any one to whom the sale might have been made. Illies v. Fitzgerald, 11 Texas, 417.

There is no error shown in the eighth assignment which complains of certain language used by the attorney for appellee Hopkins in his closing argument to the jury.

As the judgment must be reversed we do not deem it proper to discuss or pass upon appellants' tenth assignment which complains that the verdict is excessive. However, in view of another trial we desire to say that although Hopkins, under the peculiar facts of this case, is entitled to recover for the use and hire of the animals, it is not proper to estimate the value of such use and hire by proof of the value of their use and hire by the day or by the month. Hudson v. Wilkinson, 45 Texas, 453; Craddock v. Goodwin, 54 Texas, 579; Hull v. Davidson, 6 Texas Civ. App., 588.

As said by Judge Moore, in Hudson v. Wilkinson, *supra,* such proof furnished no reasonable criterion for an estimate for the length of time the jury were called upon to assess the defendants. It would have been

only an exaggeration in degree, but no more objectionable in principle, if the hire by the hour had been proved, and the aggregate amount fixed, multiplying this amount by the number of hours the animals had been detained.

For the error indicated the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.