VAUGHN et al. v. CHARPIOT.    (No. 464.)

(Court of Civil Appeals of Texas. Beaumont. June 26, 1919.)

1. EVIDENCE ⚖=471(31) — CONCLUSION OF WITNESS—AUTHORITY.

In action to recover mules, etc., which defendant claimed were sold him by one R. as plaintiff's agent, defendant's statement that plaintiff "gave Mr. R. authority to sell these mules, etc., to me," was not admissible; it appearing from defendant's testimony to have been merely his conclusion.

2. SEQUESTRATION ⚖=20 — LIABILITY ON BOND.

In suit involving liability for sequestration, the market value of each article or piece of property at the time of trial is the proper measure of damages, so that recitals in a plaintiff's petition, sequestration bond, writ of sequestration, and replevy bond, all filed 17 months before the trial, were inadmissible to establish such market value.

3. SEQUESTRATION ⚖=20—LOSS OF USE OF MULES—EVIDENCE.

In action involving liability on replevy bond in sequestration case for depriving defendant of use of mules, etc., replevied, defendant's testimony as to what he was making per day in hauling, for which purpose he could have used the mules, held insufficient to establish the value of their use between their seizure and the trial, 17 months later.

4. CONTINUANCE ⚖=19—NEW TRIAL ⚖=34—TESTIMONY OF PARTY—MILITARY SERVICE.

Where plaintiff was the most material witness sustaining his contentions, and the case was called for trial when he was in the military service of the United States, his attorney's due application for continuance for his testimony should have been granted, and error in refusing such continuance was ground on which new trial should have been granted.

Error from Harris County Court; W. E. Monteith, Judge.

Action by C. H. Vaughn and others against J. B. Charpiot, Sr. Judgment against plaintiff and the bondsmen on his replevy bond, and they bring error. Reversed and remanded.

Homer E. Stephenson, of Houston, for plaintiffs in error.

A. R. & W. P. Hamblen, of Houston, for defendant in error.

WALKER, J. We adopt the statement of the case as set forth by plaintiff in error in his brief, as follows:

This suit was instituted in the county court at law of Harris county, Tex., on the 22d day of April, 1916, by C. H. Vaughn, plaintiff in error, to recover of J. B. Charpiot, Sr., defendant in error, personal property alleged to be of the total value of $250. On the same day that the suit was filed, plaintiff in error sequestrated the property described in his petition. On the 6th day of May, 1916, plaintiff in error filed with the sheriff of Harris county, Tex., his replevy bond and took possession of the property and took possession of the property. On the 2d day of May, 1916, defendant in error, J. B. Charpiot, Sr., filed his original answer, claiming title to the property in question under a sale alleged to have been made by one I. G. Robinson, claimed by defendant in error to have been the agent of plaintiff in error, and also claiming $10 per day damages for the unlawful detention of the property described.

The cause was tried by the court without a jury, and judgment was entered against plaintiff in error and his bondsmen on the replevy bond for the sum of $500, $250 value of the property at the time it was levied, and $250 damages for the wrongful issuance of the sequestration, based upon defendant in error's right to the use of the property pending litigation. Within due time plaintiff in error filed his motion for a new trial, being joined therein by the other plaintiffs in error, his bondsmen, the same being overruled. He thereupon gave notice and has perfected his writ of error to this court.

Plaintiff in error has briefed the case, but defendant in error has filed no brief. The statements sustaining the various assignments discussed in this opinion are taken from the brief of plaintiff in error.

[1] Plaintiff in error's fourth assignment of error raises the question of the sufficiency of the evidence to establish agency on the part of I. G. Robinson. The only evidence in the record as to Robinson's authority to sell the property, which consisted of two mules, one wagon and camping outfit, and one set of harness, is the testimony of defendant in error, J. B. Charpiot, Sr., which is as follows:

"I think I know that property. I bought it and paid for it; bought it from Mr. Robinson. He was a teamster, I suppose. Mr. Robinson made me acquainted with Mr. Vaughn one time. I saw him here in court, the plaintiff in this suit.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mr. Vaughn gave Mr. Robinson authority to sell these mules, etc., to me. He recognized the trade."

The bill of sale from Robinson to Charpiot, introduced in evidence by defendant in error, was made by I. G. Robinson in his individual capacity, and indicates that he claimed to be the owner of the property, and that he sold it to Charpiot for $110, which was a small part of its real value. The bill of sale nowhere mentions Vaughn, and does not purport to have been made by Robinson as agent for any one. We think the evidence shows clearly that Mr. Charpiot was barely acquainted with Mr. Robinson, supposed that he was a teamster, and that he never saw Mr. Vaughn until the first trial of this case, when he met him in court, and it is not at all probable that Vaughn then recognized the trade. Charpiot's statement that "Mr. Vaughn gave Mr. Robinson authority to sell these mules, etc., to me," appears from Charpiot's testimony to have been merely his conclusion, and plaintiff's objection to its admission should have been sustained. Building & Loan Ass'n v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825. As this case must be reversed on other grounds, we will not further discuss this assignment.

[2] Plaintiff in error's sixth assignment raises the question of the admissibility of the recitals in plaintiff's petition, sequestration bond, writ of sequestration, and replevy bond, all of which were filed 17 months before the trial, to establish market value of the property. As sustaining this assignment, plaintiff in error in his brief gives the bill of exception to the admission of this testimony, and also makes the further statement that the recitals in plaintiff's petition, sequestration bond, writ of sequestration, and replevy bond, all of which were filed over a year before the trial, constituted all the testimony offered by appellee as to the value of this property.

This assignment is well taken, and plaintiff's objection to their admission in evidence should have been sustained. The market value of each article or piece of property at the time of trial is the measure of damages in suits of this character. Avery v. Dickson, 49 S. W. 662; Coward v. Sutfin, 185 S. W. 378; Luedde v. Hoppf, 95 Tex. 172; Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704; Brunson v. Dawson State Bank, 175 S. W. 438. This was the only evidence as to market value tendered by defendant, and it should have been excluded; therefore there was no evidence to support the judgment of the court as to market value.

[3] Plaintiff in error's ninth assignment complains of the measure of damages for the value of the use of the property. Defendant Charpiot's testimony is the only evidence in the record bearing on this issue. He says:

"I was hauling oil, and I suppose I was making $6 or $7 a day at least. I made a contract with Mr. Huffman, field manager, to haul oil for him at $6 a day, and used the team as general roustabout, and whenever I needed it I used it hauling my own oil. I was making at least $6 or $7 a day out of the team. I could have used it up to this time for this same purpose, right along."

It was 17 months from the time of the seizure to the time of the trial. We do not know how the court found the sum of $250 to be the value of the use of the property for the 17 months. It is not proper to estimate the value of the use of a team and wagon for a period of 17 months by proof of the value of its use by the day. Hudson v. Wilkinson, 45 Tex. 453; Flynn v. Lynch, 1 White & W. Civ. Cas. Ct. App. § 787; Craddock v. Goodwin, 54 Tex. 579; Hull v. Davidson, 6 Tex. Civ. App. 588, 25 S. W. 1047; Railey v. Hopkins, 50 Tex. Civ. App. 600, 110 S. W. 779; Hermann v. Allen, 118 S. W. 794. Charpiot does not say what part of the $6 or $7 a day was for his services and what part was for the wagon and mules. Plaintiff's objection to said testimony to establish the value of the use of the wagon and mules for the period of time between the seizure and trial should have been sustained.

[4] This case was called for trial at a time when plaintiff in error was in the military service of the United States. His attorney made due application for continuance for his testimony. This motion was by the court overruled. Plaintiff in error was the most material witness sustaining his contentions. The trial court erred in overruling this motion for continuance, and should have granted a new trial because of this error. As this question will probably not arise in a subsequent trial, we will not discuss it any further.

We have examined the other assignments of error and overrule same; but, because of the errors above pointed out, the judgment is reversed, and the cause remanded for a new trial.