## BROOKMOLE v. KINCHEN. (No. 10254.)

(Court of Civil Appeals of Texas. Fort Worth. May 19, 1923. Rehearing Denied June 16, 1923.)

1. **Replevin ⬿82—$1,250 damages for loss of use of Ford car for 228 days held excessive.**

An award of $1,250 damages for the use of one replevied Ford touring car for 228 days during 1921, based on testimony that the rental value of such car was $10 to $15 per day, *held* excessive as predicated on the wrong measure of damages.

2. **Replevin ⬿82—Evidence held sufficient to sustain judgment of $504.25 for damages for loss of replevied Ford car.**

In an action for the possession of Ford touring car, testimony that "the price of cars now registered as touring cars, I think, is $504.25, or maybe $518, and some cents," *held* at least some evidence of value at the time of trial and sufficient to sustain a judgment of $504.25, under Rev. St. 1911, §§ 7106, 7110, 7111, for defendant after a verdict in his favor to apply on which the plaintiff was entitled under section 7107 to return the replevied car at its market value; testimony that at the time of sequestration the car was worth $525 being properly excluded as immaterial and irrelevant.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by F. M. Brookmole against E. C. Kinchen, wherein defendant impleaded W. F. Mason. Judgment for defendant, and plaintiff appeals. Judgment reformed, and as reformed affirmed.

Bowers & Allison and Will R. Saunders, all of Breckenridge, for appellant.

Hickman & Bateman, of Dublin, for appellee.

BUCK, J. Plaintiff, F. M. Brookmole, filed suit in the district court of Stephens county, Tex., against E. C. Kinchen for the possession of a Ford automobile, alleged to have been stolen from the plaintiff at Fort Worth, and sued for damages. Kinchen impleaded W. F. Mason, from whom he bought the car. During the trial plaintiff filed a trial amendment, in which he alleged that he had been paid by the Fireman's Fund Insurance Company, for the car alleged to be stolen, and alleged that he represented said insurance company in said suit, and prayed that said insurance company be subrogated to the rights of the plaintiff.

The cause was submitted to a jury on one special issue, to wit:

"Was the automobile in question found by plaintiff in the possession of the defendant E. C. Kinchen the same automobile that belonged to plaintiff and was stolen from him on or about the 26th day of February, 1921."

To this issue the jury answered, "No." Upon this verdict the court entered judgment for defendants Kinchen and Mason as against plaintiff, Brookmole, and the Fireman's Fund Insurance Company, and further awarded judgment for defendant Kinchen in the sum of $1,250, with interest from the date of the judgment, at the rate of 6 per cent. per annum, as rental for the use of said car during the eight months which plaintiff had held the same under the replevin bond. It was further provided that if the plaintiff and his bondsman, the Ætna Casualty & Security Company, should not return to the defendant Kinchen the car described in this judgment within 10 days from the date thereof, the defendant Kinchen have and recover from plaintiff, Brookmole, and his sureties the sum of $525, with interest.

[1] Appellants, plaintiff and his bondsmen below, urge that the trial court erred in admitting the testimony of W. B. Mason that the reasonable rental value of a Ford touring car, like the one in controversy, was $10 to $15 a day, and in rendering judgment against said appellants in favor of appellee Kinchen for $1,250 for said rental value during the time plaintiff held possession of said car under the replevin bond, from June 28, 1921, to the time of the trial, to wit, February 11, 1921. No other evidence is shown as to what was the rental value for said time. The time above mentioned is 228 days, which at even $10 a day would amount to $2,280. The verdict is for $1,250, a little more than half of what the jury were authorized in finding the rental value was under such testimony. But the verdict of the jury and the judgment rendered seems all out of proportion to the value of the car detained. The evidence shows that the reasonable value of the car at the time of the replevin was $525, and at the time of the trial cars of this make could be bought from $504.25 to $518. In 23 R. C. L. p. 912, § 75, it is said:

"There should also be taken into consideration the fact that the plaintiff might not have been able either to use or rent the property continuously during the period of detention, and if true this fact would also materially reduce the measure of damages. The amount to be allowed is to be determined according to

the market value of the use of the property. It is the net usable value, less the' expense of keeping the property, which may be recovered. In determining the value of the use under the above rule, care should be taken not to permit the fixing of an amount out of all proportion to the value of the thing itself; otherwise the result is not compensation for use, but punishment for a wrong, in a case where exemplary damages, as such, would not be allowed. So where damages allowed for the detention of property for less than a year were more than twice the value of the property, it was held that the damages were grossly excessive. It has been held that recovery may be had of either the value of use or of interest on the value of the property, according to which is the greater sum. If, as a matter of fact, the party detaining the property did not use it, the deterioration which it would have suffered by use must be deducted from the value of the use."

In Montgomery v. Gallas, 225 S. W. 557, 560, the San Antonio Court of Civil Appeals discussed the measure of recovery for the fruits, hire, revenue, and rent of the property replevied, and concluded, after holding that the defendant was entitled to compensation for all loss occasioned by the deprivation of possession of the property, that—

"It would seem, however, that when the compensation feature has been taken care of, the right to prevent the wrongdoer from reaping a profit would be fully secured when he is made to pay the value of the use of the property for the purpose for which it was used by the owner and by such wrongdoer. To charge him with a greater sum, representing the value of the use for other purposes for which it could have been hired out, but would not have been, had' it been retained by the owner, it seems would be to go further than to provide compensation and prevent a profit, and to inflict a fine or penalty."

In Coward v. Sutfin, 185 S. W. 378, Judge Lane, speaking for the Galveston Court of Civil Appeals, says:

"We also think that the recovery to be awarded for the fruits, hire, and revenues of the automobile should be such sum as would compensate appellee for loss sustained by reason of the detention of said automobile, or its actual earnings (fruits) while in the possession of appellant, or, in the event said actual earnings cannot be ascertained, then the reasonable and probable earnings (hire) of said automobile, based upon the manner and kind of use to which it was put from the time appellant took possession of same until it is returned to appellee. See Railey v. Hopkins, 50 Tex. Civ. App. 600, 110 S. W. 779. The difference in the value of the automobile at the time appellant took possession of it under the replevin bond and at the time he tenders it back to the officer from whom he received same is to be adjudged by said officer before he is compelled to receive the same as a credit upon the judgment recovered against defendant and his bondsmen."

In Moore v. Brown, 89 S. W. 310, 311, the Dallas Court of Civil Appeals says:

"And if the plaintiff replevied the property he would, in the absence of a finding that the writ was wrongfully issued only be liable for the amount received by him for its use."

In Railey v. Hopkins, 50 Tex. Civ. App. 600, 110 S. W. 779, the court said:

"As the judgment must be reversed, we do not deem it proper to discuss or pass upon appellants' tenth assignment, which complains that the verdict is excessive. However, in view of another trial, we desire to say that, although Hopkins, under the peculiar facts of this case, is entitled to recover for the use and hire of the animals, it is not proper to estimate the value of such use and hire by proof of the value of their use and hire by the day or by the month. Hudson v. Wilkinson, 45 Tex. 453; Craddock v. Goodwin, 54 Tex. 579; Hull v. Davidson, 6 Tex. Civ. App. 588, 25 S. W. 1047. As said by Judge Moore in Hudson v. Wilkinson, supra, such proof furnishes no reasonable criterion for an estimate for the length of time the jury were called upon to assess the defendants. It would have been only an exaggeration in degree, but no more objectionable in principle, if the hire by the hour had been proved, and the aggregate amount fixed, multiplying this amount by the number of hours the animals had been detained."

[2] Undoubtedly, we think the recovery for this item of damages is excessive. The attorney for appellee, during oral argument in this court, admitted such fact and that the wrong measure of damages was applied, and offered to remit all damages recovered for rental value if we should find that the judgment ought to be affirmed otherwise. Appellant urges that there is no evidence as to the reasonable market value of the car in question at the time of the trial. There is evidence that the value of the car at the time of the sequestration was $525. Mason testified:

"The price of cars now registered as touring cars, I think, is $504.25, or maybe $518 and some cents. Fords are going down, you know."

It is urged that this evidence evidently referred to the price of new cars, and that as the evidence unmistakably shows that the car in controversy was a used car, said testimony is not even probative of the value of the car in question. Our Supreme Court has held that in a sequestration wherein defendant has retained possession of the property by giving a replevin bond, the value of the property for which the successful plaintiff is to have judgment, as provided by the present article 7106, Revised Statutes, is to be determined by its market value at the time of the trial. Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55; Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704. By article 7110, the plaintiff may replevy property sequestered, and by article 7111 it is provided that the same rules which govern in case the defendant replevies shall obtain where the plaintiff replevies. The rule in replevin in some jurisdictions is

that the damages recoverable will be determined by the value of the property at the time of taking with interest from that time. 23 R. C. L. p. 914, § 78. See, also, 34 Cyc. p. 1570, § 14, subd. E, for a further discussion, and collation of authorities.

The evidence of Mason, to the effect that the reasonable market value of the car at the time it was taken (it is not shown whether the witness referred to the date of sequestration or the date of the replevy) was $525, is all the specific evidence of value at that time.

We are inclined to believe that appellant's objection thereto that said testimony was immaterial and irrelevant, etc., should have been sustained. But the same witness did testify to the price of the Ford car at the time of the trial, and no objection is reserved to said testimony, nor is there any evidence that the car in question had deteriorated during the time plaintiff had held it under the replevin bond, or that it was not worth as much as a new car at the time of the trial. Even if we would not be justified in taking judicial cognizance of the fact that at about the time of the trial, or a short time before, Ford cars were at a premium, owing to the inability of the manufacturers to supply the demand, and used cars in good condition and repair brought higher prices than the manufacturers or dealers charged for new ones; yet, at any rate, it seems to us that the testimony above cited is some evidence tending to show the reasonable market value of the car in question at the time of the trial, and in the absence of an objection to such testimony, we have concluded that the judgment should not be reversed because of the lack of any evidence to prove the value of the car at the time of the trial. Hence we will reform the judgment below, eliminating that part of it awarding $1,250 recovery for the use of the car, and reform that part of the judgment which awarded recovery for $525 against plaintiff and his bondsmen in case the car should not be returned to defendant within 10 days from the date of the judgment, and affirm the judgment for $504.25, with interest at 6 per cent. from date of judgment. The appellant, under this judgment, within 10 days from the date of the return of the mandate of this court to the court below, has the right to return the car in question, as provided in article 7107 et seq., Rev. Civil Statutes, and to be allowed a credit upon the judgment of the reasonable market value thereof at said time. The cost of appeal will be taxed against appellee Kinchen.

Judgment reformed, and as reformed affirmed.

### On Motion for Rehearing.

There was no evidence that the car in question was worth more or less than a new Ford car. It may be said that the presumption is that it was worth less than a new car of the same kind. But we still hold that the evidence showing that "the price of cars now registered as touring cars, I think, is $504.25, or may be $518 and some cents," is some evidence of the market value of the car in question, and this evidence being admitted without objection, we felt justified in reforming the judgment and affirming it for $504.25. Appellant may return the replevied car to the officer and get credit for its market value.

Motion overruled.