**HALL et al. v. TEDFORD et al.   (No. 9440.)**

(Court of Civil Appeals of Texas. Dallas. Nov. 28, 1925.)

**1. Appeal and error ⬤⟶843(2)—Issues as to ownership and right to recover damages on replevy bond held moot, after surrender and acceptance.**

Where automobile, replevied in sequestration suit, was delivered to sheriff within 10 days from judgment, and accepted by plaintiffs, all issues concerning ownership and right to recover damages on replevy bond became moot, and will not be considered on appeal.

**2. Sequestration ⬤⟶20—Petition alleging wrong measure of damages for detention of automobile under bond bad.**

Under Rev. St. 1925, art. 6850, petition alleging reasonable value of use of automobile detained by defendants under replevy bond, instead of value of fruits, hire, or revenue, was bad, though it was unnecessary for plaintiffs to allege measure of damages.

**3. Sequestration ⬤⟶20—Reasonable value of "hire" of automobile, not used for hire, during detention under bond recoverable.**

Reasonable value of hire of automobile, not used for hire, during detention under replevy bond, may be recovered under proper plea, supported by evidence; "hire," in Rev. St. 1925, art. 6850, not meaning that property could have value for hire only if actually used for hire.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hire.]

**4. Sequestration ⬤⟶20—Reasonable value of fruits, hire, or revenue during entire period of detention under bond is measure of recovery.**

Measure of recovery for detention of automobile under replevy bond under Rev. St. 1925, art. 6850, is not value of its use per day, but reasonable value of fruits, hire, or revenue during entire period of detention under bond.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by G. A. Tedford and wife against G. C. Wisdom and others, in which plaintiffs sued out writ of sequestration, and Frank J. Hall and others executed replevy bond. From a judgment against Hall and others, they appeal. Reversed and remanded, with instructions.

Ballowe & King, of Dallas, for appellants.
Lawther, Pope, Leachman & Lawther, of Dallas, for appellees.

VAUGHAN, J.   This suit was originally instituted in the court below by G. A. Tedford and wife, Mrs. G. A. Tedford, two of the appellees, against G. C. Wisdom and B. M. Germany and wife, Janie Germany, appellees, and J. Shugar and wife, Willetta Shugar, appellants, for the purpose of rescinding the sale of an automobile alleged by them to have been made on or about the 22d day of September, 1922, to G. C. Wisdom, who, in turn, resold or traded said automobile to appellant J. Shugar. It is alleged that appellant J. Shugar and appellee Wisdom colluded together to defraud, and by the several acts of fraud therein alleged did deceive and induce, appellees Tedford and wife into parting with title to and possession of the said automobile and delivering same to said Wisdom. Said appellees by their suit sought primarily to recover the title and possession of the automobile, and, in the alternative, they asked for the value thereof and for the recovery of other elements of damages.

Owing to the disposition that will be made of this appeal, further statement of the issues presented by the original suit is deemed unnecessary. After the institution of said suit, appellees Tedford and wife, as plaintiffs therein, sued out the writ of sequestration, which was, on the 25th day of January, 1923,

duly executed by the sheriff taking into his possession the automobile in controversy. Appellant J. Shugar, as principal, and W. W. Johnson, Frank J. Hall, and G. E. Canaday, sureties, executed a statutory replevy bond for the retention of the possession of said automobile; said Hall and Canaday now being before this court as appellants and said Johnson as appellee.

[1] On the 8th day of April, 1924, a trial of this cause was had before the court without the intervention of a jury, which resulted in judgment being rendered in favor of the appellees Tedford and wife against appellants J. Shugar and wife, Willetta Shugar, and the sureties on said replevy bond, to wit, the said Frank J. Hall, W. W. Johnson, and G. E. Canaday, jointly and severally, for the sum of $2,872, plus interest at the rate of 6 per cent. per annum from date until paid; said judgment further providing that said J. Shugar and wife, Willetta Shugar, and Frank J. Hall, W. W. Johnson, and G. E. Canaday shall have the right at any time within 10 days after the rendition of said judgment to deliver to the sheriff of Dallas county, Tex., the automobile involved in said suit, free and clear of liens and incumbrances, and receive a credit therefor on said judgment in the sum of $1,100, if the same had not been injured or damaged since the replevy. Said judgment then proceeds to dispose of all other issues between the parties to the suit, which other issues so determined it is not necessary to further notice; same not being in any respect material to the disposition of this appeal. Since the rendition of said judgment and the prosecution of this appeal therefrom, it is made to appear affirmatively by proper affidavits filed in this court that the automobile involved in this suit was within 10 days from the date of said judgment delivered to the sheriff of Dallas county by the attorneys representing the appellants herein; that said sheriff gave to said appellants a receipt for said automobile, and immediately delivered same to appellees Tedford and wife, who received and accepted the automobile from the sheriff, and agreed that said judgment was entitled to a credit of $1,100 by reason of such delivery. The effect of the delivery of said automobile by appellants to the appellees Tedford and wife, and the receipt of same by said appellees, was to determine conclusively all of the matters theretofore in issue between the parties to the suit concerning the ownership of and right to the possession of said automobile; also the right to recover damages by said appellees against appellant J. Shugar, as principal, and said W. W. Johnson, Frank J. Hall, and G. E. Canaday, as sureties, on the replevy bond excuted by them for the value of the fruits, hire, or revenue of the automobile during the time it was retained by the appellant Shugar, viz. from the date of the delivery to appellant Shugar under said replevy bond to the date of the judgment of the trial court. This cause, therefore, in so far as these issues are concerned, has become and is now moot, and said issues will not be further considered on this appeal.

We will now review the questions that remain to be considered and determined on this appeal:

[2] Appellants addressed a special exception to paragraph 22 of the petition on which this case was tried, to wit:

"That, since the date said defendant replevied said automobile, plaintiffs have wrongfully deprived of the use and benefit of said automobile, and defendant J. Shugar et ux. have enjoyed the daily use of same; that the reasonable value of the use of said automobile is the sum of $10 per day; that, by replevying said automobile and wrongfully depriving and withholding the same from these plaintiffs, they have been further damaged in the sum of $3,000,"

—said exception being on the ground that "no facts are set out showing why the plaintiffs are entitled to recover such an item of damage."

This exception was duly presented to and overruled by the court. In this we think the court was in error. It is true that it was not necessary that appellees Tedford and wife should allege the measure of damages they were entitled to recover, but, having assumed to plead in reference thereto, it was their duty to allege properly the measure of damages they were lawfully entitled to recover, as is clearly indicated by article 6850, Revised Civil Statutes of Texas 1925, formerly article 7104, Revised Civil Statutes 1914, to wit:

"If the property to be replevied be personal property, the condition of the bond shall be that the defendant will not remove the same out of the county, or that he will not waste, ill treat, injure, destroy or sell or dispose of the same, according to the plaintiff's affidavit, and that he will have such property, with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire or revenue of the same in case he shall be condemned so to do."

It will be noticed that part of the obligation to be kept and performed by the principal and sureties on the bond is that the principal will have the property replevied, "with the value of the fruits, hire, or revenue thereof forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire, or revenue of the same in case he shall be condemned so to do."

[3, 4] Appellees Tedford and wife, as the measure of damages and as the basis thereof, alleged that the reasonable value of the use of said automobile is the sum of $10 per day, which allegation is not in keeping with the provision of the statute under which they

must of a necessity recover for the detention of the automobile under the replevy bond executed in this case. It is not the reasonable value of the use that was secured by the bond, but the value of the fruits, hire, or revenue of said automobile. However, the right to recover for what would be the reasonable value of the hire of the automobile, same not having been used for hire, could be had under a proper plea in that respect, supported by the necessary evidence, as the word "hire," as used in said article 6850, Id., does not mean that the property replevied could only have a value for hire by actually having been used as a vehicle for hire. Coward v. Sutfin (Tex. Civ. App.) 185 S. W. 378. The allegation was further susceptible to said special exception, in that it alleged as a measure of damages the sum of $10 per day for each day same was detained by the appellant J. Shugar under said replevy bond, when the measure of recovery under said article 6850, supra, is the value of the fruits, hire, or revenue, as the case might be, for the period of time the property replevied was detained under the replevy bond. Therefore the allegation should have been as to the reasonable value of the fruits, hire, or revenue of the automobile during the entire period of time same was detained under the replevy bond. Railey v. Hopkins, 50 Tex. Civ. App. 600, 110 S. W. 779.

By appropriate assignment appellants challenge the admission of evidence as to the value by the day of the use of the automobile replevied by Shugar. The court overruled the objection, and permitted witnesses to testify as to the value of the use of said automobile by the day. This only presented to the jury evidence as to the value of the use of the automobile by the day, there being no other evidence in reference thereto, when the question for the jury to determine was the value of the fruits, hire, or revenue of the automobile during the period of time same was detained under the replevy bond, which was approximately 15 months, for which period of time the value of the fruits, hire, or revenue of the automobile was the material issue to be determined in order to arrive at the amount of legal damages appellees Tedford and wife were entitled to recover against the principal and the sureties on the replevy bond. It is not the value of the use of the automobile replevied for any one day of the period of time it was detained, but the reasonable value of the use of the automobile for the full period of time, that should have been determined by the jury. Therefore the evidence admitted over the objection of appellants was improper, as it did not bear upon the correct measure of damages. Vaughn et al. v. Charpiot (Tex. Civ. App.) 213 S. W. 950; Brookmole v. Kinchen (Tex. Civ. App.) 253 S. W. 953.

In the submission of the case on special issues to the jury, the following issue was submitted, being special issue No. 9:

"What amount of money per day, if any, do you find to be the reasonable value for the use of said automobile since it was replevied by defendant Shugar?"

To which the jury answered:

"Four dollars per day."

To the submission of this issue appellants seasonably and in due manner and form excepted and objected, and by appropriate assignment of error the submission of same is challenged.

From the time of the replevy to the time of the trial of the case approximately 15 months intervened. However, the court only submitted by this issue to the jury the determination of the value of the use of the automobile for 1 day, thereby expressly withholding from the jury, and preventing that body from determining, the reasonable value of the use of the automobile for the full period of time for which appellees Tedford and wife sought the recovery of damages. In arriving at the amount of the judgment representing the value of the use of the automobile for the time detained, the court multiplied the number of days that same was detained by 4, being the number of dollars per day that the jury found in answer to special issue No. 9 to be the value of the use of the automobile. The rendition of this judgment was duly and properly objected and excepted to, and on this appeal is questioned by appropriate assignment of error.

What we have said in reference to the admission of evidence objected to on this issue, and the submission of the said special issue No. 9, applies with equal force to this objection. Therefore we hold that the court erred in submitting said issue and in rendering the judgment thereon for said sum of $1,772. Hudson v. Wilkinson, 45 Tex. 453; Brookmole v. Kinchen and Vaughn v. Charpiot, supra.

On account of said errors in the proceedings before the lower court, said cause should be reversed as to the issue in reference to which said proceedings were had, and remanded for further trial thereon for the purpose of ascertaining, in accordance with this opinion, the amount that appellees Tedford and wife are entitled to recover against the principal and sureties on the replevy bond executed for the automobile in question.

Reversed and remanded, with instructions.