TREHAN et al. v. DUNNIGAN.   (No. 1562.)

Court of Civil Appeals of Texas.   Beaumont.
July 5, 1927.

Rehearing Denied Sept. 21, 1927.

1. Chattel mortgages ⬤══292(1)—Suing to foreclose mortgage on and sequestrating motorcycle held to justify exclusion of mortgage, in buyer's action for conversion through sale to seller under mortgage.

Seller of motorcycle, by suing to foreclose mortgage and sequestrating machine, gained advantage which he retained, constituting election between right to foreclose by suit and power of sale given by mortgage, justifying exclusion of mortgage from evidence when offered in buyer's action for conversion as justifying and authorizing seller's sale of machine to himself.

2. Chattel mortgages ⬤══292(1)—Seller of motorcycle dismissing sequestration suit and selling machine to himself under mortgage held not relieved from conditions of replevy bond.

Where seller of motorcycle took chattel mortgage thereon from buyer and on failure to pay installment instituted suit and sequestrated machine, and later replevied it, his dismissal of sequestration suit did not relieve him of conditions of replevy bond so as to permit him to sell machine to himself under power of sale in chattel mortgage without rendering himself liable to buyer for conversion.

3. Chattel mortgages ⬤══292(1)—Seller's seizing and selling motorcycle to himself under power of sale in chattel mortgage, in absence of buyer's default, held to constitute wrongful conversion.

Where buyer of motorcycle was not in default in paying therefor, power of sale given by chattel mortgage to seller did not protect him in seizing and selling machine to himself, and such sale constituted wrongful conversion.

4. Chattel mortgages ⬤══292(2)—Seller converting motorcycle held liable for value over amount owed therefor and reasonable market rental value during detention.

Where seller of motorcycle, acting under chattel mortgage given by buyer, replevied it after he had it sequestrated and sold it to himself under power of sale in mortgage, buyer's proper measure of damages was value of machine over amount owed therefor and reasonable market value of use of machine for period detained, and not its value by hour or day or amount he could earn per day by using machine in his occupation, and replevy bond given by seller covered only such proper measure of damages.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by Roy Dunnigan against R. Trehan and others for conversion of a motorcycle. From a judgment for plaintiff, defendants appeal. Reformed and affirmed, on condition of a remittitur.

J. B. Synnott and W. B. West, both of Beaumont, for appellants.

O'Fiel & Reagan, of Beaumont, for appellee.

WALKER, J. Appellant sold appellee a motorcycle for $350, $50 cash, and the balance in a series of $30 notes, secured by a mortgage, which provided for acceleration of payment and nonjudicial sale. On its maturity, appellee paid the first note by a check for $30, and the note was delivered to him. On presentation, the check was turned down by the bank, and appellant then instituted suit and sequestrated the machine. When appellee failed to replevy, appellant replevied, and the machine was delivered to him by the sheriff. Thereupon, he dismissed his sequestration suit, and sold the machine to himself for the purpose of securing a transfer of the motor license. Appellee instituted this suit in the county court against appellant and the sureties on his replevy bond, alleging a wrongful conversion of the machine. Upon a trial to the court without a jury, judgment was rendered in favor of appellee against

appellant for $50, the value of the machine in excess of unpaid purchase money, and $225 for the 45 days it was wrongfully held by appellant before its sale and conversion by him.

[1, 2] Appellant complains of the court's refusal to receive in evidence the mortgage which he offered as justifying and authorizing the sale made by him of the machine. This ruling was not error. By filing suit to foreclose, the mortgage and by sequestrating the machine, he gained an advantage which he retained. This constituted an election between the right to foreclose by suit and the power of sale given by the mortgage. Employers' Indemnity Corp v Felter (Tex. Com. App.) 277 S. W. 376; 9 R. C. L. 960. He could not relieve himself of the conditions of his replevy bond by dismissing the suit.

[3] There was some evidence to support the court's conclusion that the suit was prematurely brought, and we affirm the conclusion to that effect. Therefore, regardless of the proposition of election of remedies, appellant, on this conclusion, had no right to seize and sell the machine under the power of sale, and, as appellee was not in default, the power of sale given by the mortgage would not protect him. His selling the machine constituted a wrongful conversion, in either event.

The evidence abundantly supports the conclusion that the machine, at the time it was seized and sold by appellant, was worth $50 in excess of his claim against it.

[4] There was no evidence to support the conclusion that the reasonable market rental value of the machine was $5 per day during the period of 45 days it was wrongfully held by appellant under the conditions of the replevy bond and before the sale. On this issue, all the evidence related to the market rental value per hour of such a machine. There was no evidence of probative force as to its value by the day or for a period of 45 days. Appellee testified it was worth that sum to him; that is, in his occupation, by using the machine he could earn $5 per day. His proper measure of damages was the reasonable market rental value of the machine for the period of 45 days, and not its value by the hour or day or the amount he could earn per day by using the machine in his occupation. Appellant, on the facts of this case, was not liable on his replevy bond for the value of appellee's personal services, together with the reasonable market rental value of the machine, but only for its reasonable market rental value during the period of its wrongful detention. Vaughn v. Charpiot (Tex. Civ. App.) 213 S. W. 950. As we understand the record, $50 would be a reasonable compensation to appellee on this issue.

Because of this error, the judgment of the trial court is reversed and the cause remanded for a new trial, unless appellee, within 15 days from the filing of this opinion, enters a remittitur of $175 on the amount of his judgment, in which event the judgment will be reformed and affirmed for $100.