## MILLER v. PRICE.

## No. 15,815; March 12, 1895.

### 39 Pac. 781.

**Consignment for Sale—Lien for Advances.**—Recovery for property consigned to defendant for sale cannot be defeated on the ground that he had a lien thereon for advances and expenses, where, before action, plaintiff tendered the amount of these; Civil Code, section 2905, declaring that redemption from a lien is made by offering to do that for which the property is a security.

**Consignment for Sale.**—Commissions cannot be had for making a sale which the person was not authorized to make, and which the owner rescinded.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Action by Miller against Price. Judgment for plaintiff, and defendant appeals. Affirmed.

D. L. Smoot for appellant; M. C. Hassett for respondent.

HARRISON, J.—The plaintiff was the owner of certain fruit which he consigned to the defendant for sale, and upon its arrival in San Francisco the defendant stored it in a warehouse. Shortly after its arrival, the defendant sold the fruit at a price which was not satisfactory to the plaintiff, and the sale was rescinded. The court finds that "said sale was not made in pursuance of the authority given by the plaintiff to the said defendant." Afterward the plaintiff brought the present action for the recovery of the fruit or its value. The plaintiff's ownership of the fruit is not denied by the defendant, but in his answer he alleges that he had made certain advances and expenditures thereon, by reason of which he had acquired a lien upon the fruit, and the right to retain the possession from the plaintiff until these advances were paid; and also until he should be paid a commission for the sale which had been rescinded. The action was tried by the court without a jury, and judgment rendered in favor of the plaintiff. The defendant moved for a new trial, which

was denied, and the present appeal is from this order. No appeal was taken from the judgment.

Upon an appeal from an order denying a new trial, only the action of the trial court upon the grounds for which the new trial was asked can be reviewed. Whether a demurrer to the complaint was properly overruled, or whether the findings of fact support the conclusions of law, or the judgment thereon, can be considered only upon an appeal from the judgment: Brison v. Brison, 90 Cal. 323, 27 Pac. 186. The court finds that before the commencement of the action the plaintiff tendered to the defendant, and offered to pay him, all of his advances and expenditures, but that the defendant refused to accept the same. There is no finding of the amount of these advances and expenditures, nor is there any direct finding that any were made by the defendant. As the statement does not show that any evidence in reference thereto was given at the trial, there was no error in failing to make a finding thereon: Himmelman v. Henry, 84 Cal. 104, 23 Pac. 1098. The plaintiff's tender and offer to pay to the defendant the amount of these advances deprived him of the right to claim a lien thereon (Civ. Code, sec. 2905); and, as the sale of the fruit was made without the authority of the plaintiff, the defendant was not entitled to any commission for such sale. The order is affirmed.

We concur: Garoutte, J.; Van Fleet, J.