[Civ. No. 4015. Second Appellate District, Division Two.—July 23, 1925.]

## CLINTON NELSON, Respondent, v. C. W. YONGE, Appellant.

**[1]** LIENS—AUTOMOBILES—PAYMENT OF FREIGHT AND OTHER CHARGES ADVANCED FOR OWNER—SECTION 3051, CIVIL CODE.—One who gains possession of an automobile for the purpose of selling it for the owner after paying freight and certain other charges advanced by a third party for the owner, is not entitled to a lien on said automobile under that part of section 3051 of the Civil Code, which gives a lien to those who render a service to the owner

---

1. Liens on automobiles for labor or repairs, notes, 3 **A. L. R.** 664; 30 **A. L. R.** 1227; 31 **A. L. R.** 837. See, also, 3 Cal. Jur. 801.

"by labor or skill, employed for the protection, improvement, safe-keeping or carriage" of the personal property lawfully in the possession of the lien claimant, for the moneys paid by him before he acquired possession of the automobile and for moneys expended in purchasing new tires and in causing them to be adjusted to the wheels of the automobile.

[2] ID.—SECTION 3051, CIVIL CODE—STATUTORY CONSTRUCTION.—With the exception that the clause of section 3051 of the Civil Code, which·provides for a class of lienors who make, alter or repair any article of personal property at the request of the owner or legal possessor of the property, extends the right to a lien to *any* person who makes, alters or repairs an article of personal property at the request of the owner or legal possessor, it simply declares the common-law rule as to the right of a mechanic or artisan *performing labor* on an article of personal property to a lien thereon dependent on possession for payment of his services.

[3] ID.—INSTALLATION OF TIRES—REASONABLE VALUE—TENDER—DEPRIVATION OF LIEN—DEMAND.—Even if it should be conceded that such selling agent acquired a lien for the reasonable value of tires installed on the automobile while in his possession, nevertheless he was deprived of all right to a lien where a tender of an amount greater than the reasonable value of said tires was made to him in behalf of the owner when demand was made for possession of the automobile.

[4] CLAIM AND DELIVERY—AUTOMOBILES—VALUE—DEMAND.—In an action to recover possession of an automobile, or its value in case a delivery could not be had, together with damages for its unlawful detention, the trial court erred in giving an instruction to the effect that the value of the automobile should be determined as of the date when plaintiff made his demand for its return.

[5] ID.—VALUE AT TIME OF TRIAL—JUDGMENTS.—Where, in an action for replevin, the plaintiff recovers a judgment for the property or for its value in case delivery cannot be had, the value should be that which the property had at the date of the trial.

[6] ID.—ERRORS—ISSUES—RETRIAL—JUDGMENTS.—In this action to recover possession of an automobile, or its value in case a delivery cannot be had, together with damages for its unlawful detention, where the only substantial errors are those involved in an improper instruction to the effect that the value of the automobile should be determined as of the date when plaintiff made his demand for its return and in an unsupported finding that the value of the automobile is a specified amount, and these errors only affect

2.  See 16 Cal Jur. 306; 17 R. C. L. 600.
5.  See 5 Cal. Jur. 204; 23 R. C. L. 914.

73 Cal. App.—45

one issue—the issue as to the value of the property for the purpose of ascertaining the amount of the alternative money judgment—a retrial of the entire cause will not be required.

(1) 6 C. J., p. 1133, n. 99.  (2) 6 C. J., p. 1133, n. 99.  (3) 6 C. J., p. 1136, n. 49 New.  (4) 34 Cyc., p. 1523, n. 87 New, p. 1534, n. 96.  (5) 34 Cyc., p. 1535, n. 94.  (6) 4 C. J., p. 1194, n. 86, p. 1195, n. 90; 34 Cyc., p. 1555, n. 70, 73.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

Alex P. Nelson for Appellant.

John A. Harvey and S. M. Davis for Respondent.

FINLAYSON, P. J.—This is an action to recover possession of an automobile, or its value in case a delivery cannot be had, together with damages for its unlawful detention. Defendant claimed to have a lien upon the car, dependent upon his possession, and for that reason he asserted a right to retain it. The case was tried before a jury, which rendered a verdict in favor of plaintiff for the possession of the property, assessed his damages for the unlawful detention at $500, and found the value of the automobile, in case a delivery thereof to him could not be had, to be $1,000. From a judgment entered upon this verdict the defendant has appealed. The automobile was in defendant's possession at the time of the trial.

Some time prior to the month of August, 1920, plaintiff, who resides in Nebraska, shipped the automobile to Long Beach, in this state, where it was delivered into the possession of one John O'Connor. O'Connor, an old acquaintance, paid the freight for plaintiff as well as certain other charges. The aggregate of the sums so advanced by O'Connor for plaintiff amounted to $196.68. Defendant, a salesman engaged in selling automobiles at Santa Ana, in this state, wrote plaintiff a letter telling the latter that, if agreeable, he would endeavor to find for him a purchaser of the car. Plaintiff mailed to defendant a reply in which he assented to the latter's offer to sell the car. To effect this purpose it

was necessary that defendant should have the car in his possession. O'Connor refused to deliver it to defendant unless the latter would pay him the amount which he had advanced for plaintiff. Defendant, accordingly, paid to O'Connor $196.68 about the 10th of December, 1920, and immediately thereafter received possession of the car for the purpose of selling it for plaintiff. About this time defendant, claiming to have authority therefor from plaintiff, purchased at retail certain new tires and caused them to be placed upon the wheels in lieu of the old tires which were upon the vehicle when it came into his possession. He claims to have paid for these tires the sum of $230. It seems that defendant, instead of seriously endeavoring to find a purchaser for plaintiff as he had agreed, used the car in his own business. Wherefore plaintiff, on or about May 31, 1921, through an authorized agent, demanded possession of his property. Defendant, claiming that he was entitled to a lien for his expenditures under section 3051 of the Civil Code, refused to deliver the car to plaintiff unless he were paid the amount for which he claimed to have a lien. Plaintiff's agent, when he made the demand for possession, tendered defendant the sum of $250, which the latter refused, aserting that the amount tendered was insufficient to satisfy his lien. The court instructed the jury that the value of the car, for the purpose of an alternative money judgment in the event that delivery could not be made, is the value which it possessed at the time when plaintiff made his demand, and that they should find the value as of that date. The action was tried in March, 1922.

Appellant claims (1) that under the provisions of the code section above mentioned he has a lien on the automobile to the extent of $426.68, the aggregate of the two sums above mentioned, and that, therefore, the verdict is unsupported by the evidence; (2) that in actions of this class the value of the property, to be paid to the successful party in case delivery cannot be had, should be determined as of the date of the trial; and (3) that if the value be determined as of that date, the evidence is insufficient to support that part of the verdict which finds the value of the automobile to be one thousand dollars.

[1] The part of section 3051 upon which appellant relies to sustain his claim to a lien reads: "Every person who,

while lawfully in possession of an article of personal property, renders any service to the owner thereof, by labor or skill, employed for the protection, improvement, safekeeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service; a person who makes, alters or repairs any article of personal property, at the request of the owner or legal possessor of the property, has a lien on the same for his reasonable charges for the balance due for such work done and material furnished, and may retain possession of the same until the charges are paid.''

It will be noticed that so much of this code section as is invoked by appellant deals with two classes of lienholders. The first class includes those who render a service to the owner ''by *labor or skill,* employed for the protection, improvement, safekeeping or carriage'' of the personal property lawfully in the possession of the lien claimant. The lien given by this part of the section is limited to a lien for compensation due ''for labor or skill.''. (*Johnson* v. *Perry,* 53 Cal. 353.) It is manifest that neither of the sums for which appellant claims a lien is within the purview of this part of the section. In paying O'Connor the $196.68 to reimburse the latter for his outlays, and likewise in purchasing the new tires for the sum of $230 and in causing them to be adjusted to the wheels of the automobile, appellant did not himself perform any service of ''labor or skill.'' The money paid O'Connor was not even paid by appellant ''while lawfully in possession of the car.'' It was paid before appellant acquired possession.

[2] The other class of lienors provided for in the code provisions invoked by appellant are those who come within the second clause, namely, those who make, alter or repair any article of personal property at the request of the owner or legal possessor of the property. This clause was a part of section 3052 prior to 1907. With the exception that it extends the right to a lien to *any* person who makes, alters or repairs an article of personal property at the request of the owner or legal possessor, it ''simply declares the common-law rule as to the right of a mechanic or artisan *performing labor* on an article of personal property to a lien thereon dependent on possession for payment of his services.'' (*Quist* v. *Sandman,* 154 Cal. 755 [99 Pac. 207].)

(Italics ours.) Continuing, the court in the case last cited says that "while the code has extended the right to a lien in general to all persons performing the prescribed labor concerning an article of personal property at the request of the owner or legal possessor thereof, it is in other respects but declaratory of the common-law rule, and the right to a lien must be governed by the same rules which prevail at common law. It can only be asserted under the same circumstances and conditions as it could be asserted at common law, and the right to do so must be interpreted in accordance with common-law principles."

There is no evidence that appellant performed the labor of installing the tires; and we doubt whether it correctly can be said that he acquired a lien for their value as one who has made, altered or repaired an article of personal property. At common law the lien was given to one who bestows labor upon an article of personal property. The person performing such labor could rightfully retain the article until he should be reimbursed for his labor and for the reasonable value of such material, if any, as may have been supplied by him and upon which he bestowed labor and skill. Or, as it is expressed in section 3051, he has a lien for the "work done *and* materials furnished." Appellant would read the section as though it gave a lien for "work done *or* materials furnished." However, we do not find it necessary to decide whether appellant acquired a lien for the reasonable value of the tires purchased by him. [3] It is quite obvious that as to the item of $196.68 which he paid to O'Connor, he cannot be regarded as one who has made, altered or repaired an article of personal property. Therefore, even if we should concede that he acquired a lien for the reasonable value of the tires, nevertheless, since the amount thereof, $230, was less than the sum tendered to him by respondent's agent at the time when the latter made his demand for possession, he was deprived by that tender of all right to a lien. (*Miller* v. *Price,* 4 Cal. Unrep. 983 [39 Pac. 781]; Civ. Code, sec. 2905.) We conclude, therefore, that appellant had no lien when the action was commenced which entitled him to retain possession of respondent's automobile.

[4] The court erred in giving the instruction to the effect that the value of the automobile should be determined

as of the date when respondent made his demand for its return—May 31, 1921. There is a marked diversity of opinion respecting the time when the value of the property sued for in a replevin action should be determined for the purpose of fixing the amount of the alternative money judgment. In some jurisdictions the courts have adopted the view that in such actions the amount is to be measured by the value of the property at the time it was taken, if the original taking was wrongful, or at the time of the demand for and the refusal of possession, if the property originally came rightfully into the defendant's possession. These decisions hold that, for the purpose of ascertaining such value, the rule which obtains in actions of trover to recover damages for a conversion of the property should be followed. [5] In other jurisdictions, and California is one of them, the courts have adopted what seems to us to be the more logical and reasonable view, namely, that where, in an action for replevin, the plaintiff recovers a judgment for the property or for its value in case delivery cannot be had, the value should be that which the property had at the date of the trial. These decisions proceed upon the theory that, the money being but a substitute for the property, the amount of the alternative money judgment should be fixed by ascertaining it as of the date nearest to the time when the property would be delivered. This rule was adopted by our supreme court in *Phillips* v. *Sutherland,* 2 Cal. Unrep. 241 [2 Pac. 32], the court there saying: "The money value is a substitute for the property, and the amount can be appropriately fixed by ascertaining it as of the date (when the value can be judicially determined) nearest to the time when the property would be delivered." The rationale of the rule is well stated by the New York court of appeals in *Allen* v. *Fox,* 51 N. Y. 562 [10 Am. Rep. 641]: "In the action of replevin, under the code, the jury are required to assess the value of the property, and damages for its detention. The value here intended is the value at the time of the trial. In case the prevailing party can obtain a delivery of the property, he must take it as it then is; if he cannot obtain such delivery, then the value is intended as a substitute and precise equivalent of the property. The damages for detention are the same, whether the party recover the property or its value. Now,

suppose the property has been badly depreciated, inter-
mediate the wrongful taking and the trial, still the pre-
vailing party is obliged to take it, if he can obtain it, and
he is indemnified for the depreciation by the damages as-
sessed to him.   But he recovers the same damages, if he can-
not obtain the property and is obliged to take its value, and
then, if the value has been assessed, as it existed at the time
of the taking, before the depreciation, it is clear that he
gets more than an indemnity.   Hence, there is no way of
administering this law, except by holding that the value re-
quired to be assessed by the jury means the value at the
time of the trial.''   See, also, *Luedde* v. *Hooper,* 95 Tex.
172 [66 S. W. 55]; *Merrill Chemical Co.* v. *Nickells,* 66 Mo.
App. 678, 686; *Chapman* v. *Kerr,* 80 Mo. 158; *O'Meara* v.
*North American Min. Co.,* 2 Nev. 112, 117, 126.   So far
as we are advised, the rule announced by our supreme court
in *Phillips* v. *Sutherland, supra,* has never been questioned
by that court.   *Page* v. *Fowler,* 39 Cal. 412 [2 Am. Rep.
462], is not in point.   In that case the successful party, the
defendant, was entitled to damages for *conversion,* the prop-
erty having been disposed of by the plaintiff shortly after
it had been taken by him under a writ of replevin.   There
the court was dealing with a rule of *damages.*   Nor is *Hart-
nett* v. *Wilson,* 31 Cal. App. 678 [161 Pac. 281], in point.
In that case the district court of appeal based its ruling
to a large extent upon a stipulation or concession made by
the appellants in the course of the trial.   In *Tully* v. *Harloe,*
35 Cal. 302 [95 Am. Dec. 102], the supreme court af-
firmed the judgment without adverting to appellant's claim
that the value of the property should have been determined
as of the date of the wrongful taking.   So far as we are ad-
vised, these are the only decisions in this state which have
any bearing upon the question now under consideration;
and of these cases *Phillips* v. *Sutherland* is the only one
which is directly in point.   Not only are we satisfied that
the doctrine of that case is supported by cogent reasoning,
but it is, moreover, binding upon us here.

   Respondent, who took the witness-stand in his own be-
behalf, testified that the value of the car on December 10,
1920, the day when it came into appellant's possession, was
$2,000, and that at the date of the trial, March 28, 1922,
its value was but $600.   No witness placed the value of the

automobile at more than $600 at the date of the trial. It is obvious that the jury, following the court's erroneous instruction to ascertain the value of the property as of the date of the demand therefor, fixed a value which has no basis in the evidence under the rule announced in *Phillips* v. *Sutherland, supra.*

[6] The only substantial errors which we find are those which are involved in the improper instruction above mentioned and in the unsupported finding that the value of the property is $1,000. Since these only affect one issue—the issue as to value of the property for the purpose of ascertaining the amount of the alternative money judgment—a retrial of the entire cause will not be required. (*Pearsall* v. *Henry,* 153 Cal. 330 [95 Pac. 154, 159].)

The judgment is reversed and the cause remanded, with directions to the trial court, to retry the issue regarding the value of the automobile, for the purpose of ascertaining the amount of the alternative money judgment to which plaintiff is entitled if for any reason a delivery of the property to him cannot be had.

Works, J., and Craig, J., concurred.